353 A.2d 806

**COMMONWEALTH of Pennsylvania**

**v.**

**Clarence WASHINGTON, III, Appellant.**

Supreme Court of Pennsylvania.

Argued Nov. 12, 1974.

Decided March 17, 1976.

John R. Merrick, Public Defender, Michael S. Barranco, Asst. Public Defender, West Chester, for appellant.

William H. Lamb, Dist. Atty., Timothy H. Knauer, Asst. Dist. Atty., West Chester, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION

MANDERINO, Justice.

Appellant, Clarence Washington III, was found guilty of contempt of court and sentenced to pay a fine of $50.00. This appeal challenges the sufficiency of the evidence on which the conviction was based.

Appellant was the defendant in a trial which commenced on April 8, 1974. After the jury had been selected and sworn, court was adjourned until 9:30 a.m., the following day. When appellant failed to appear at 9:30 a.m., the trial court sent a county detective to appellant's home, where appellant was found sleeping. Appellant arrived in court at 11:00 a.m. Appellant apologized to the court, and explained that he had gone to a party the night before and thought he had set his alarm. Based on this incident, appellant was held in contempt, and the fine imposed.

The prosecution contends that appellant's conviction was proper because he either disobeyed or neglected the lawful process of the court. See Act of June 16, 1836, P.L. 784, Sec. 23, 17 P.S. 2041. Appellant contends that the conviction should be reversed because the evidence failed to establish intent which, according to the appellant, is a necessary element of the crime of contempt. We agree. "[T]here is no contempt unless there is some sort of wrongful intent." *Offutt v. United States*, 98 U. S.App.D.C. 69, 232 F.2d 69, 72 (1956), cert. den. 351 U. S. 988, 76 S.Ct. 1049, 100 L.Ed. 1501 (1956). ". . . [A] degree of intentional wrongdoing is an ingredient of the offense of criminal contempt." *In Re Brown*, 147 U.S.App.D.C. 156, 454 F.2d 999, 1006 (1971). "Willfulness is, of course, an element of criminal contempt and must be proved beyond a reasonable doubt." *United States v. Greyhound Corporation*, 508 F.2d 529, 531 (7th Cir. 1974). In *United States v. Seale*, 461 F.2d 345, 368 (7th Cir. 1972), the Court thoroughly discussed the necessity for proof of the element of intent, and concluded that the minimum intent required is "a volitional act done by one who knows or should reasonably be aware that his conduct is wrongful."

Appellate courts have consistently overturned convictions of attorneys held in contempt for lateness when there was no showing of intent. In *United States v. Delahanty*, 488 F.2d 396 (6th Cir. 1973), an attorney got lost en route to the courthouse because he was unfamiliar with the city, arrived ten minutes late, and was held in contempt. In reversing his conviction, the court applied a standard of reckless disregard for a court's order to determine whether there was the requisite intent to commit the crime. 488 F.2d at 399. Similarly, in *In re Farquhar*, 160 U.S.App.D.C. 295, 492 F.2d 561 (1973) the court reversed because the prosecution failed to show intent where an attorney arrived in court eight minutes late, having been delayed by another judge in another courtroom. Relying on *In re Sykes v. United States*, 144 U.S.

App.D.C. 53, 444 F.2d 928 (1971), which reversed a contempt conviction of an attorney who had simply forgotten about a court appearance, the *Farquhar* court defined contempt as a "wilful disregard of the court's order", or "a reckless disregard for his [the attorney's] professional duty." 492 F.2d at 564. All of these cases are distinguished from *In re Niblack,* 155 U.S.App.D.C. 174, 476 F.2d 930 (1973) where an attorney's contempt conviction was affirmed because the attorney had been warned many times about being late and had, in fact, been late on numerous prior occasions.

Citing *Messmore's Estate,* 293 Pa. 63, 141 A. 724 (1928), the prosecution argues that intention is irrelevant. *Messmore* properly pointed out that one need not intend to place one's self in contempt of court to be convicted of such a crime. The contemnor in *Messmore,* although not intending to place himself in contempt of court, did intentionally refuse to obey a court order and therefore was properly convicted of contempt of court.

■■ Were we to accept the prosecution's argument, any person, judge, attorney, witness, or party, who comes into the courtroom late can be held guilty of contempt of court, regardless of the reason for the lateness. We cannot accept such a conclusion. Unless the evidence establishes an intentional disobedience or an intentional neglect of the lawful process of the court, no contempt has been proven. Such is the case here.

Judgment of sentence reversed.