368 A.2d 263

COMMONWEALTH of Pennsylvania

v.

Edward WASHINGTON.

Appeal of A. Benjamin JOHNSON, Jr., Esq.

Supreme Court of Pennsylvania.

Argued Oct. 20, 1975.

Decided Jan. 28, 1977.

200

Joseph C. Spaulding, A. B. Johnson, Jr., Philadelphia, for appellant.

Milton O. Moss, Dist. Atty., William T. Nicholas, 1st Asst. Dist. Atty., Stewart J. Greenleaf, Asst. Dist. Atty., Chief, Appeals Div., Norristown, J. David Bean, Harleysville, for appellee.

Before EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION

MANDERINO, Justice.

Appellant, A. Benjamin Johnson, Jr., an attorney from Philadelphia, Pennsylvania, entered an appearance for Edward Washington, who had been indicted in Montgomery County for several offenses stemming from an alleged armed robbery. The Washington case was placed on the Montgomery County Criminal Trial List, to be called on June 29, 1973. When the case was called to

trial on that date, appellant was not present in the courtroom, and a rule to show cause why he should not be held in contempt for not appearing was entered and made returnable on July 12, 1973. On the return date, July 12, 1973, appellant was, again, not present in court. The Washington case was again placed on the criminal trial list, to be called on March 29, 1974. Again appellant was not present when the case was called for trial. On April 17, 1974, a rule was granted on appellant to show cause why he should not be held in contempt for not answering this second call. The next day a rule was granted on appellant to show cause why he should not be held in contempt for failing to appear at the first call and for failing to appear on the July 12, 1973 return day. Both of these rules were made returnable on June 24, 1974. Except for the rules made returnable on June 24, 1974, the record does not indicate what notice, if any, appellant or his office received as to any of the above dates. A copy of the rules returnable on June 24, 1974, was sent by registered mail to appellant's office in Philadelphia. The return receipt indicated that delivery was made on April 22, 1974, to one Constance Dennon, secretary to A. Benjamin Johnson. On June 24, 1974, appellant was at trial in Philadelphia. After the Philadelphia trial judge called the judge in Montgomery County about appellant's unavailability on June 24, 1974, the return date of the rule was changed to June 26, 1974, and on that date, it was continued to June 28, 1974.

On June 28, 1974, appellant appeared and offered his apology for any inconvenience he had caused the court. Appellant explained that although he had not formally withdrawn his appearance in Montgomery County, Edward Washington, the defendant in the case to be tried, had dismissed appellant as his attorney before the first scheduled trial date. Appellant also explained that due to his heavy criminal case loads both in the Philadelphia Common Pleas Court, and in the Federal court, an agree-

ment had been reached whereby the administrative judge of the Philadelphia Common Pleas Court cleared and controlled appellant's trial assignments. On the four dates when he was not present in Montgomery County, appellant had appeared at trials in Philadelphia County.

The above recited facts were either admitted or uncontradicted in the record. At the conclusion of the hearing on June 28, 1974, the court found appellant guilty of four counts of contempt, and levied the following fine: $50 for the first offense, $100 for the second, $200 for the third, and $400 for the fourth. On July 26, 1974, an appeal from this order was taken to this Court.

Appellant first argues that because the fines totalled $750, the case was one involving a serious offense, and therefore his right to be tried by a jury in such a case was violated. Secondly, appellant argues that even if he was not entitled to a jury trial, he should not have been adjudged guilty of contempt because his failure to appear on the four days in question was reasonably excused. As recognized by the brief filed on behalf of the prosecution, appellant's second argument is, in essence, that the evidence before the trial court was insufficient to sustain a verdict of guilty of contempt of court. In view of our agreement with the second contention raised by appellant here, we need not now address the first.

Appellant was convicted of criminal contempt, statutorily defined to include "disobedience or neglect by officers . . . of or to the lawful process of the court." Act of June 16, 1836, P.L. 784, § 23, 17 P.S. § 2041. We have recently had occasion to review the elements of the crime of contempt. In *Commonwealth v. Clarence Washington, III*, 466 Pa. 506, 353 A.2d 806 (1976), we reversed appellant's conviction for contempt of court because the evidence failed to show that appellant's allegedly contemptuous act was intentionally or willfully committed. In *Commonwealth v. Washington, supra*, we concluded that "[u]nless the evidence establishes an in-

tentional disobedience or an intentional neglect of the lawful process of the court, no contempt has been proven." *Id.* at 509, 353 A.2d at 807. In so concluding we reviewed several decisions of the United States Supreme Court and various federal appeals courts:

"[T]here is no contempt unless there is some sort of wrongful intent." *Offutt v. United States,* 98 U.S. App.D.C. 69, 232 F.2d 69, 72 (1956), cert. den. 351 U. S. 988, 76 S.Ct. 1049, 100 L.Ed. 1501 (1956). " . . . [A] degree of intentional wrongdoing is an ingredient of the offense of criminal contempt." *In Re Brown,* 147 U.S.App.D.C. 156, 454 F.2d 999, 1006 (1971). "Willfulness is, of course, an element of criminal contempt and must be proved beyond a reasonable doubt." *United States v. Greyhound Corporation,* 508 F.2d 529, 531 (7th Cir. 1974)."

The evidence can only be considered sufficient if the necessary elements of criminal contempt are proven beyond a reasonable doubt. The United States Supreme Court has said " . . . it is certain that in proceedings for criminal contempt the defendant is presumed to be innocent, he must be proved to be guilty beyond a reasonable doubt . . . ." *Gompers v. Bucks Stove and Range Co.,* 221 U.S. 418, 444, 55 L.Ed. 797, 807, 31 S.Ct. 492, 499 (1911) ; *see also Bloom v. Illinois,* 391 U.S. 194, 205, 88 S.Ct. 1477, 20 L.Ed.2d 522, 530 (1968).

At best, the evidence in this case establishes only noncompliance with certain court orders. That alone is insufficient to prove contempt. *Commonwealth v. Haefner,* 470 Pa. 392, 368 A.2d 686 (1977); *Commonwealth v. Clarence Washington, III,* 466 Pa. 314, 353 A.2d 806 (1976). Nowhere has the prosecution shown that appellant's failure to appear on the dates in question was an intentional or willful disregard of the lawful process of the trial court. The record contains no proof that appellant received notification of his expected appearances except for the June 24, 1974, date. The record indicates

204

that that notice was not intentionally disregarded. On the contrary, the evidence is uncontradicted that the Montgomery trial judge was told on that date that appellant was at trial in Philadelphia and could not be present in Montgomery County.

We conclude therefore that the evidence was insufficient to prove beyond a reasonable doubt that appellant intentionally disregarded the court's orders.

Judgment reversed.

JONES, C. J., did not participate in the consideration or decision of this case.

EAGEN and POMEROY, JJ., concur in the result.