414 A.2d 1013

**In the Matter of Lee MANDELL, Esq.**

Supreme Court of Pennsylvania.

Submitted April 14, 1980.

Decided May 30, 1980.

Vincent J. Ziccardi, Philadelphia, for appellant.

Charles W. Johns, Pittsburgh, Howland W. Abramson, Philadelphia, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, LARSEN, FLAHERTY and KAUFFMAN, JJ.

## OPINION OF THE COURT

ROBERTS, Justice.

On this appeal from denial of habeas corpus relief, appellant Lee Mandell, Esq. challenges his summary conviction for contempt under section II of 42 Pa.C.S. § 4131. Appellant contends that the evidence of record is insufficient to establish that he intentionally or willfully committed the allegedly contemptuous acts. We agree and accordingly, vacate the judgment of sentence and order appellant discharged.

On July 21 and July 22, 1977, appellant represented a criminal defendant at trial before the Hon. Bernard J. Goodheart. The court entered a verdict of guilty on July 22,

1977, and postponed sentencing to September 28, 1977, to permit counsel an opportunity to prepare post-trial motions.[1] The court set September 14, as the deadline for appellant's written brief in support of post-trial motions. On September 21, 1977, Judge Goodheart notified appellant that the briefing deadline had passed and that the hearing on motions was scheduled for September 28, 1977, at 3:30 p. m.

At approximately 4:15 p. m. on September 28, appellant appeared for the hearing. He explained that his late arrival was due to an unforeseen delay at the parole board hearing he was attending. Appellant also submitted supplemental post-trial motions and a written brief. In a proceeding not transcribed, Judge Goodheart then held appellant in contempt and imposed a fine of $100 on the basis of "cumulative" violations of direct court orders.[2] Appellant filed a petition for writ of habeas corpus, which was denied after hearing. This appeal followed.[3]

1. On July 29, 1977, Judge Goodheart sent appellant a letter indicating that appellant's post-trial motions were inadequate to preserve any issues for appeal. See Pa.R.Crim.P. 1123. Appellant responded that he intended to file more specific motions when the notes of testimony became available. Judge Goodheart wrote appellant again on September 21, 1977, when the deadline for briefing passed without appellant's having obtained the notes from the court reporter. At the hearing on the petition for writ of habeas corpus, appellant explained that he never collected the notes because his client could not pay the costs of transcription at that time. Instead, appellant borrowed the notes from counsel for an indigent co-defendant in order to prepare his supplemental post-trial motions.

2. Initially, Judge Goodheart relied upon appellant's failure to submit specific post-trial motions as a basis for the contempt. At the habeas corpus hearing, however, Judge Goodheart conceded that an order to file specific post-trial motions had never issued, but rather he had only recommended that appellant file specific motions. R. at 1.32.

3. Appellant elected to pursue habeas corpus relief rather than file a direct appeal to this court pursuant to 42 Pa.C.S. § 742; see also *Commonwealth v. Harris,* 409 Pa. 163, 185 A.2d 586 (1962). These parties have not challenged our jurisdiction and we see no reason to decline review of the claims presented. Cf. *Commonwealth v. Wadzinski,* 485 Pa. 247, 401 A.2d 1129 (1979) (procedural error of filing petition for writ of certiorari rather than appeal under the appropriate statute not fatal to action).

By statute, the Legislature has authorized the use of summary contempt power.

"The power of the several courts of this Commonwealth to issue attachments and to inflict summary punishments for contempts of court shall be restricted to the following cases:

I. . . .

II. [To] disobedience or neglect by officers, parties, jurors or witnesses of or to the lawful process of the court;

III. . . . "

42 Pa.C.S. § 4131.[4]  See generally *Levine Contempt Case*, 372 Pa. 612, 95 A.2d 222, *cert. denied*, 346 U.S. 858, 74 S.Ct. 72, 98 L.Ed. 371 (1953). "In a prosecution for criminal contempt, the Commonwealth has the burden of proving every element of the crime beyond a reasonable doubt." *In re Johnson*, 467 Pa. 552, 557, 359 A.2d 739, 742 (1976);  see also *In re Cogan*, 485 Pa. 273, 401 A.2d 1142 (1979).  One element of contempt under subsection II is that of intentional or willful commission of the allegedly contemptuous act. *Commonwealth v. Clarence Washington, III*, 466 Pa. 506, 353 A.2d 806 (1976).  Because the requisite intent is not present in this case, appellant's conviction for contempt is not supported by the evidence.[5]  As our prior decisions have held, "the mere showing of noncompliance with a court order or misconduct impeding the administration of justice is never sufficient, alone, to prove contempt." *Commonwealth v. Haeffner*, 470 Pa. 392, 396, 368 A.2d 686, 688 (1977);  see also *Commonwealth v. Washington*, 470 Pa. 199, 368 A.2d 263 (1977).  "Unless the evidence establishes an intentional disobedience or an intentional neglect of the lawful process of

4.  Section 4131 of the Judicial Code substantially re-enacts the Act of June 16, 1836, P.L. 784, § 23, 17 P.S. § 2041.  See *In re Cogan*, 485 Pa. 273, 401 A.2d 1142 (1979).

5.  We note that the Commonwealth has filed no brief in opposition to appellant's contentions.  Nor has it otherwise informed the Court of its decision not to file a brief.

the court, no contempt has been proven." *Commonwealth v. Clarence Washington, III,* supra, 466 Pa. at 509, 353 A.2d at 807 (1976). So too, other courts have reversed contempt convictions where the basis of the conviction is counsel's lateness, but there was no showing of intent. *Commonwealth v. Giordano,* 254 Pa.Super. 543, 386 A.2d 83 (1978); *United States v. Delahanty,* 488 F.2d 396 (6th Cir. 1973); *In re Farquhar,* 160 U.S.App.D.C. 295, 492 F.2d 561 (1973); *In re Sykes v. United States,* 144 U.S.App.D.C. 53, 444 F.2d 928 (1971).

Here, the prosecution for contempt was based only on appellant's missing a briefing deadline by two weeks, and arriving forty-five minutes late for a hearing.[6] Counsel stated the reasons for his tardiness. The Commonwealth introduced no evidence to establish either the invalidity of those reasons or the intent of appellant willfully to miss the scheduled hearing time. On this record, a summary conviction for criminal contempt under section II of the statute cannot be upheld.[7]

Judgment of sentence vacated and appellant is discharged.

NIX and LARSEN, JJ., concur in the result.

**6.** Appellant testified that upon realizing that he would be late for the hearing he either telephoned Judge Goodheart's chambers himself or asked his secretary to do so.

**7.** The circumstances presented in this case demonstrate the wisdom of procedural safeguards before a summary criminal contempt conviction is entered. Here, some prior warning would be especially appropriate before holding appellant in contempt.

"Requiring a judge to warn an individual that his conduct is considered contumacious, however, may have the salutary effect of restraining oversensitive judges from acting immediately to impose contempt sentences for relatively minor incidents of misconduct. Moreover, prior warnings may be necessary in some cases in order to permit an individual to conform his conduct to expected courtroom norms or to ensure that the elements of the offense have been established."

Kuhns, *The Summary Contempt Power: A Critique and a New Perspective,* 88 Yale L.J., 39, 45 (1978). See also ABA, Standards Relating to The Function of The Trial Judge, § 7.2 (1972).