424 A.2d 1255

**In the Matter of Laurence RING, a Member of the Bar of the Commonwealth of Pennsylvania.**

Supreme Court of Pennsylvania.

Argued Oct. 17, 1980.

Decided Jan. 30, 1981.

Laurence Ring, Philadelphia, in pro per.

Before O'BRIEN, C. J., and ROBERTS, LARSEN, FLAH-
ERTY and KAUFFMAN, JJ.

## OPINION OF THE COURT

O'BRIEN, Chief Justice.

This is an appeal from an order entered on April 20, 1978, in the Court of Common Pleas of Philadelphia County. Following an adjudication of direct criminal contempt, the court by its April 20, 1978 order, fined appellant $1,500.00. The facts of the case are as follows.

Appellant, Laurence Ring, is an attorney licensed to practice law both in California and in Pennsylvania. At some time prior to March 9, 1978, appellant had been retained to represent an individual charged with homicide in the Criminal Court of Philadelphia. On March 9, 1978, appellant appeared before the homicide calendar judge, the Honorable Merna Marshall, to schedule a trial date. Appellant advised the court of a prior commitment in California, observed he expected to return to Philadelphia by April 17, 1978, and requested a late April trial date. Judge Marshall set a trial date of April 17, 1978, before the Honorable Robert A. Latrone.

Appellant alleges that at this time he told Judge Marshall he would contact the court one week prior to the date set for trial to inform it of his availability. On April 12, 1978, appellant's associate contacted Judge Latrone to inform him appellant was still occupied before the Federal Court in California and would be unable to appear as scheduled on April 17. On April 13, 1978, Judge Latrone advised appellant's associate to inform Judge Marshall of this development. Appellant was telephoned in California and told what had occurred, and he, on April 14, 1978, telephoned Judge Marshall's office to discuss the situation. On that date Judge Marshall informed appellant's associate that appellant was ordered to appear as scheduled or, in the

alternative, have another appear in his place. The associate then told the court that no one would be available to attend.

Neither appellant nor any other person appeared as ordered on April 17, 1978. On April 20, 1978, appellant appeared before Judge Marshall who conducted a contempt hearing. On that date the court found appellant to have been in direct criminal contempt and imposed a fine of $1,500.00. From that Order the instant appeal is taken.

Appellant advances three issues for our review: because of our disposition of the case we need address only one.[1] Appellant contends his conduct did not constitute criminal contempt, direct or otherwise. We agree and, accordingly, reverse.

To establish criminal contempt of a court order "intentional and wilful commissions of the allegedly contemptuous act" must be proven. Mere noncompliance is not enough. *In re Mandell*, 489 Pa. 522, 414 A.2d 1013 (1980). We have on several occasions considered the elements of criminal contempt in relation to an attorney's failure to make a required appearance. In *Commonwealth v. Washington*, 470 Pa. 199, 368 A.2d 263 (1977) an attorney failed to appear at a scheduled trial and at several subsequent scheduled contempt hearings. Observing that "the evidence . . . establishes only noncompliance with certain court orders" which "alone is insufficient to prove contempt," we reversed. We found that the record in *Washington, id.*, lacked any evidence that the attorney had notice of the scheduled hearings. Thus, the trial court's notice to appear "was not intentionally disregarded. On the contrary, the evidence [was] uncontradicted that the Montgomery trial judge was told on that date that appellant was at trial in Philadelphia and could not be present in Montgomery County." *Washington, id.*, 470 Pa. at 204, 368 A.2d 263. *See also, Commonwealth v. Washington*, 466 Pa. 506, 353 A.2d 806 (1976) ("intentional disobedience" or "intentional neglect" required for contempt).

---

1. Not addressed are appellant's claims that he was denied procedural safeguards and that the fine imposed was excessive.

██ The record in the instant case unequivocally demonstrates that appellant gave notice of his inability to appear five days prior to the date his appearance was required. On the facts of this case we cannot hold that an attorney with conflicting in-court commitments who timely notifies one court of his inability to meet his commitment there, has been contemptuous when he fails to appear.

Accordingly, the Order of the lower court is reversed.

NIX, J., did not participate in the consideration or decision of this case.

FLAHERTY, J., files a dissenting opinion.

FLAHERTY, Justice, dissenting.

I dissent. In *Commonwealth v. Marcone*, 487 Pa. 572, 410 A.2d 759 (1980), this Court upheld the summary imposition of a fine when an attorney deliberately chose not to be present in court as ordered, where the facts, even accepting as true the attorney's version of the events, did not present a situation of such compelling urgency as would justify a willful disregard of a court commitment. After a review of the record in the instant contempt proceeding, it is evident that appellant deliberately, and without an adequate excuse, chose to forego alternative procedures for satisfying his responsibilities in California and thereby intentionally absented himself from his court commitment in this Commonwealth. Appellant did not avail himself of the alternative proposed by the court of supplying a substitute counsel; nor did he provide the court with a reasonable explanation of why such a referral would not be feasible. Providing notice of the impending non-compliance was not sufficient to nullify the contumacious character of appellant's actions. The interest of preservation of taxpayer funds through efficient use of courtroom facilities requires that attorneys be held to timely participation in scheduled court proceedings.