461 A.2d 1232

**In re William R. BERNHART, Esquire.**

Supreme Court of Pennsylvania.

Argued April 18, 1983.

Decided July 5, 1983.

James R. Hevalow, J. Michael Morrissey, Reading, for appellant.

Charles A. Haddad, Sp. Asst. Atty. Gen., Reading, for appellee.

Before ROBERTS, C.J., and NIX, LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON and ZAPPALA, JJ.

## OPINION

ZAPPALA, Justice.

This is a direct appeal from an Order of the Court of Common Pleas of Berks County.[1] On August 15, 1980 the lower court found Appellant guilty of direct criminal contempt and fined him $250.00. The following facts are pertinent to the disposition of this matter.

Sometime on August 13, 1980 Appellant received an Order of Court of Common Pleas of Lebanon County to appear at 3:00 p.m. the next day, August 14, in connection with a hearing in a murder case in which Appellant was defense counsel. At the time, Appellant was trying a case before the Court of Common Pleas of Berks County. At approximately 1:45 p.m. on the afternoon of August 14, Appellant had just completed the Berks County trial and was awaiting the return of the jury. Appellant arranged for an associate to be present for the verdict or questions from the jury and informed the Assistant Court Administrator of his necessary departure and was himself informed that while he had cases remaining on the stand-by trial list for that day, none had been assigned to trial at that time. In fact, a view of the list posted on a blackboard outside the courtroom showed that nine cases were listed before those of Appellant on the stand-by list, and there remained 51 other cases on the ready list.

1. Jurisdiction over the instant appeal is pursuant to Act of July 9, 1976 P.L. 586, No. 142 § 2, effective June 27, 1978; the said conduct upon which the appeal is based having occurred prior to the 1980 amendment, Act of September 23, P.L. 686, No. 137, effective in sixty (60) days.

The Assistant Court Administrator did not advise the president judge of Appellant's forced absence until later in the afternoon when new cases were about to be assigned (C.H. 21–22). At that time, Appellant's cases were called and then bypassed for other cases on the list.

Upon Appellant's return to the Berks County Courthouse on August 15, 1980, he was summoned to the courtroom of the President Judge and cited for contempt of court. A hearing was held, and Appellant was found guilty of the charge.

Our legislature has defined the circumstances under which the courts may utilize the summary contempt power. 42 P.C.S.A. § 4131 provides:

"The power of the several courts of this Commonwealth to issue attachments and to inflict summary punishments for contempts of court shall be restricted to the following cases:

(1) The official misconduct of the officers of such courts respectively.

(2) Disobedience or neglect by officers, parties, jurors or witnesses of or to the lawful process of the court.

(3) The misbehavior of any person in the presence of the court, thereby obstructing the administration of justice."

In reviewing convictions under this section, we have consistently held that every element of the offense must be proven beyond a reasonable doubt. *Matter of Ring,* 492 Pa. 407, 424 A.2d 1255 (1981); *Matter of Campolongo,* 495 Pa. 627, 435 A.2d 581 (1981); *Matter of Mandell,* 489 Pa. 522, 414 A.2d 1013 (1980).

We have also been consistent in our holding that absent a finding of intentional and willful commissions of the contemptuous act, a conviction under § 4131 will not lie. *Ring, Supra; Mandell, Supra. Accord, Comm. v. Giordano,* 254 Pa.Super. 543, 386 A.2d 83 (1978).

The record in the instant matter is clearly devoid of any evidence of intent on the part of Appellant to disobey the

Order of the Berks County Court to be available for courtroom assignment on August 14. Rather, it appears that Appellant did all that was within his power to minimize the disruption caused by his receipt of the Lebanon County Order.

To accept the Commonwealth's argument that Appellant's acts were intentional because he failed to notify the president judge personally of his conflict is to view life in a vacuum. Instead, we choose to view the circumstances in their entirety and thusly evaluate the reasonableness of the Appellant's actions.

Oftentimes a lawyer finds himself in a situation whereby he must arrange his affairs to minimize the effects of an unforeseen conflict. Where time is short, it is not always possible or practical to notify the president judge personally of a conflict. In this instance, notifying an officer of the court with knowledge of the circumstances is a reasonable alternative.

Appellant did notify the Assistant Court Administrator prior to his departure. Having done this, he was informed that none of his pending cases had been assigned at that time, and he was also aware that nine cases preceded his on the stand-by list. In addition, he had arranged for his associate to await the outcome of the trial just completed. This, factually, is what occurred.

This Court is acutely cognizant of the need for prompt judicial administration and of the lower courts' constant and laudable efforts to satisfy that need. Indeed, we have carefully considered this aspect in the disposition of this matter and would be remiss if we were to leave the impression, by our decision today, that this Court will condone arbitrary acts by members of the bar which disrupt the orderly functioning of the court.

However, having viewed the totality of the circumstances and finding no evidence of intentional or willful misconduct, we must reverse the findings of the lower court.

Accordingly, the Order of the lower court is hereby reversed.

NIX, J., filed a dissenting opinion in McDERMOTT, J., joined.

FLAHERTY, J., filed a dissenting opinion in which McDERMOTT, J., joined.

NIX, Justice, dissenting.

I dissent.

It appears from the record that Mr. Bernhart had ample opportunity to contact the supervising judge between the time he received notice on Wednesday, August 13, of the Lebanon County Commitment and his departure from the Berks County Court. This deliberate absence, without a bona fide attempt to secure the permission pursuant to the rules of court, was properly found to be contemptuous. *See generally Commonwealth v. Marcone,* 487 Pa. 572, 410 A.2d 759 (1980).

McDERMOTT, J., joins in this dissenting opinion.

FLAHERTY, Justice, dissenting.

I dissent. Although appellant *notified* the assistant court administrator, he failed to seek *permission* from the President Judge in this instance. Indeed, the appellant did nothing other than *notify* an assistant court administrator *that he would be absent.* In my view, at least an effort should have been made to present appellant's alleged conflict to the judge responsible for the trial list. It is not an exaggeration to contemplate our trial scheduling system collapsing, if it is permissible for an attorney to merely *notify* a clerk that he will be absent when required to appear—and do so with impunity, as is the precedent which the majority would set.

McDERMOTT, J., joins this dissenting opinion.