476 A.2d 1347

Kerry SMITH

v.

Scott MASON and Health Care Housekeeping Systems, Inc.

v.

Eileen CARR and Raymond J. Moore and
Thomas J. Seminack

v.

Robert REED, and Raymond J. Moore.

**Appeal of John M. CORCORAN.**

Superior Court of Pennsylvania.

Argued Feb. 2, 1984.

Filed June 1, 1984.

316

Harry A. Short, Jr., Philadelphia, for appellant.

Before SPAETH, President Judge, and BECK and HOFF-MAN, JJ.

SPAETH, President Judge:

This is an appeal from an order holding appellant in contempt of court and imposing a fine of $100. Appellant argues that the evidence of contempt was insufficient and that he was denied adequate procedural safeguards. We agree with appellant that the evidence was insufficient. We therefore reverse, without reaching appellant's procedural argument.

■ Appellant is an attorney. The trial judge summarily held him in contempt of court at a pre-trial settlement conference. The proceedings at the conference were not recorded and we therefore do not have a transcript. Appellant does not argue, however, that the absence of a transcript has deprived him of a meaningful appeal. Rather, he has attached to his brief an affidavit stating the relevant facts, and a supplemental brief filed on behalf of the trial judge states that it does not dispute the affidavit. In these circumstances, we have an "equivalent picture" of what occurred in the trial court.[1] *See Nemeth v. Nemeth,* 306 Pa.Super. 47, 451 A.2d 1384 (1982) (court had "equivalent picture" of hearing when appellant's counsel was same as counsel below and gave account of hearing); *Commonwealth v. Homsher,* 264 Pa.Super. 271, 399 A.2d 772 (1979) (effective appellate review requires transcript or "equivalent picture" of proceedings below).

---

**1.** This is not to say that we condone the procedure followed here. Pa.R.A.P. 1923 provides a procedure for supplementing the record. Nevertheless, we can see no reason, given the parties' agreement as to the facts, to require strict adherence to the rule.

The facts as they thus appear are as follows: By letter dated September 23, 1981, the trial judge advised appellant and other counsel in the underlying case that a settlement conference was scheduled for October 6, 1981. This letter directed that counsel was to come to the conference with authority to settle the case (or bring someone with authority) and if unable to do this, notify the judge two days before the conference. By letter dated October 6, 1981, the conference was rescheduled for November 19, 1981. This letter contained the same directive regarding authority to settle. By letter dated March 25, 1982, a second pre-trial conference was scheduled for May 10, 1982. This letter made no reference to counsel coming with authority to settle. At the conference on May 10, 1982, after a brief discussion of the parties' liabilities, appellant told the trial judge that no offer was to be presented on behalf of his client, and that the claims adjuster who was handling the case on behalf of the insurance carrier was in New York and available by telephone. Appellant had notified the claims adjuster of the conference and had been assured that the claims adjuster would be available for a telephone conference. The trial judge thereupon adjudicated appellant in contempt and imposed a fine of $100. Apparently the conference was then ended without any telephone call to the adjuster being placed. Trial Court Op. at 6.

Although the trial judge characterized his order as an order of civil contempt, we are not bound by this characterization. It is clear from the circumstances surrounding the entry of the order that it was an order of criminal contempt. The purpose of the fine was to punish appellant for not following the judge's directive, and appellant could not purge himself of contempt and thereby avoid paying the fine by complying with the directive. *See Commonwealth v. Marcone*, 487 Pa. 572, 410 A.2d 759 (1980). In appraising the sufficiency of the evidence, therefore, we shall ask whether it proved criminal contempt.

 Under 42 Pa.C.S. § 4131,[2] a court may impose a summary punishment for contempt of court in cases involving:

(1) The official misconduct of the officers of such courts respectively.

(2) Disobedience or neglect by officers, parties, jurors or witnesses of or to the lawful process of the court.

(3) The misbehavior of any person in the presence of the court, thereby obstructing the administration of justice.

A conviction of criminal contempt requires proof beyond a reasonable doubt of each element of the offense. *Commonwealth v. Washington,* 470 Pa. 199, 368 A.2d 263 (1977). To establish criminal contempt under subsection 2 on the basis of a failure to comply with a court order, it must be proved, *inter alia,* that appellant's failure to comply with the order was willful or at least reckless. *See Medve v. Walakovits,* 305 Pa.Super. 75, 451 A.2d 249 (1982) *cert. denied, sub nom. Orloski v. Mellenberg,* 461 U.S. 945, 103 S.Ct. 2123, 77 L.Ed.2d 1303 (1983) (collecting and analyzing cases). Proof of noncompliance alone is insufficient to support the conviction. *See, e.g., Commonwealth v. Washington,* 470 Pa. 199, 368 A.2d 263 (1977); *Commonwealth v. Washington,* 466 Pa. 506, 353 A.2d 806 (1976). Similarly, to establish criminal contempt under subsection 3 on the basis of misbehavior in the presence of the court, it must be proved, *inter alia,* that appellant had the intent to obstruct the proceedings. *See, e.g., Commonwealth v. Owens,* 496 Pa. 16, 436 A.2d 129 (1981); *Commonwealth v. Reid,* 494 Pa. 201, 431 A.2d 218 (1981).[3] In this case the evidence did not establish the requisite intent.

**2.** This section was renumbered as 42 Pa.C.S. § 4132 and amended by Act of December 20, 1982, P.L. 1409 (No. 326), art. II, § 201, effective in 60 days.

**3.** In his opinion the trial judge cites subsection 3 as the basis of the order. Since the order was based on appellant's failure to comply with a directive of the court, subsection 2 would appear to be the more appropriate basis for the order. However, under either subsection appellant's intent had to be proved.

■ Appellant argues that he did not disobey the trial judge's directive, and that his conduct did not constitute misbehavior, because the March 25, 1982, letter did not direct that counsel was to come to the conference with authority to settle the case (or bring someone with authority) and if unable to do this, notify the judge two days before the conference. The trial judge rejected this argument, stating in his opinion that the March 25, 1982, letter was merely a confirmation of the date of the conference and that it did not change the policy established by the prior letters. While we are sympathetic to the judge's understanding of the situation, nevertheless, the difference between the March 25, 1982, letter and the prior letters did give rise to some ambiguity, which must be considered in evaluating the sufficiency of the evidence of appellant's intent.

Appellant points out that he did what is required by the Philadelphia Civil Trial Manual § III(2), that is, he made sure that someone with authority to settle was available by telephone at the time of the conference. On behalf of the trial judge it is argued that if there really was an ambiguity in the judge's directive, it would have been reasonable for appellant to have called the trial judge's chambers for clarification of the problem, and also, to inform the judge that he was unable to comply with the directive. We agree that this would have been the most careful course for appellant to have taken. The question is, however, whether by taking the course he did appellant evidenced a willful violation of the trial judge's directive or an intent to disrupt the proceedings.

We recognize that this is not a case in which appellant did not commit a conscious, deliberate act. *Cf. Commonwealth v. Washington*, 470 Pa. 199, 368 A.2d 263 (1977) (no proof that appellant received notification of expected appearances except for one); *Commonwealth v. Washington*, 466 Pa. 506, 353 A.2d 806 (1976) (appellant failed to appear on time because he overslept). Appellant admits that he received the relevant letters and that he chose to have someone with

authority to settle available by telephone rather than to bring that person with him to the conference. But it is also not a case in which appellant did nothing to try to comply with the court's order. *Cf. Commonwealth v. Marcone*, 487 Pa. 572, 410 A.2d 759 (1980) (appellant deliberately did not appear at call of list but chose to wait instead for opposing counsel; made no effort to inform presiding judge that he would be late even though his office was located across street from courthouse); *Medve v. Walakovits, supra* (appellant did not appear on time; acted with reckless disregard for tardiness when it was substantially certain that waiting for court administrator to strike a case would make him late for conference). Rather, this is a case in which the facts show that appellant made an effort to ensure that someone with authority to settle was available by telephone. This evidence reflects an intent to comply at least with the spirit of the trial judge's directive, and to promote rather than disrupt the settlement conference; it cannot support a finding beyond a reasonable doubt that appellant intentionally violated the directive or acted in a way such that it was substantially certain that he would violate it. *See In re Bernhart*, 501 Pa. 428, 461 A.2d 1232 (1983) (attorney notified assistant court administrator of his need to appear in court in different county and was told nine cases preceded his on stand-by list); *In re Ring*, 492 Pa. 407, 424 A.2d 1255 (1981) (attorney with conflicting in-court commitments timely notified court of inability to appear); *In re Mandell*, 489 Pa. 522, 414 A.2d 1013 (1980) (attorney stated reasons for his tardiness and Commonwealth introduced no evidence to show invalidity of reasons); *Commonwealth v. Washington*, 470 Pa. 199, 368 A.2d 263 (1977) (judge was informed that attorney was at trial in different county and could not be present). We recognize the value of settlement proceedings and the necessity that the trial judge be able to control the proceedings. Nevertheless, a person may be convicted of criminal contempt only if wrongful intent has been established, and the facts here do not establish it.

Reversed.