## In re Ronald E. Burkholder

*Ronald E. Burkholder,* pro se.

BAYLEY, *J.*, July 7, 1987—Petitioner, Ronald E. Burkholder, reported for jury duty on Monday, June 22, 1987. He was seated as a juror on a medical malpractice case upon which trial commenced that day. The presentation of all evidence was completed at the end of the third trial day on June 24. All jurors were instructed to report at 9:00 a.m., Thursday, June 25. They were told that summations would commence at that time after which they would be charged by the court and then sent out to deliberate.

Petitioner Burkholder did not report as directed. Efforts to contact him were without avail and an alternate juror was seated in his place at 9:35 a.m., at which time the defense summation commenced. Petitioner arrived for service at 10:40 a.m., an hour and 40 minutes late. After the jury retired to deliberate we held an on-record colloquy to determine the reason for petitioner's tardiness. After being asked what happened he stated that he overslept and when the court commented, "overslept?", petitioner answered "big time."

After being advised that we had waited 35 minutes before seating an alternate juror we asked petitioner whether there was anything else he wanted to tell us. He answered "no" and when we inquired as to any particular reason or excuse for his oversleeping he stated, "no, that's it."

Petitioner was found in criminal contempt of court and fined $50. On July 6, 1987, he filed a petition for reconsideration claiming that the record is insufficient to support the requisite intent to find him guilty of criminal contempt. We disagree and will dismiss this petition.

Penal contempts are classified in the Judicial Code. At 42 Pa.C.S. §4131, the code provides in pertinent part:

16

"The power of the several courts of this commonwealth to issue attachments and to inflict summary punishments for contempts of court shall be restricted to the following cases . . .

"(2) disobedience or neglect by officers, parties, *jurors* or witnesses of or to the lawful process of the court." (emphasis added).

In his memorandum in support of his petition for reconsideration petitioner offers that his tardiness was due to ". . . excessive party-going the preceding evening . . ." that resulted in his retiring at an unreasonable hour although he ". . . thought he would be able to rise in sufficient time to meet his jury obligations in á prompt manner, but simply overslept." He cites *Commonwealth v. Washington,* 466 Pa. 506, 353 A.2d 806 (1976), in support of his position that there has been no showing of an element of intent necessary to adjudicate disobedience or neglect. In *Washington,* a defendant failed to appear in court and a county detective found him asleep at home. Defendant apologized and explained that he had gone to a party the night before and thought that he had set his alarm. His adjudication of contempt was reversed when the Supreme Court concluded that the evidence did not establish an intentional disobedience or an intentional neglect of the lawful process of the court.

Since *Washington,* the Superior Court in *Medve v. Walakovitz,* 305 Pa. Super. 75, 451 A.2d 249 (1982) has made a thorough review of cases involving adjudications of criminal contempt for late appearances.[1] The court noted that if there was a conscious, deliberate act which gave rise to a substantial certainty of the forbidden result; and, al-

---

1. A petition for an allowance of appeal was denied by the Supreme Court on February 17, 1983.

ternatively, that act evinced a reckless disregard for the likely and forbidden result, that conduct would constitute a sufficient basis for a finding of contempt. The court concluded:

"We hold that intent can be proved through either the substantial certainty or reckless disregard methods described herein. We adopt this standard because the consequences of not doing so are unsatisfactory. By not allowing intent to be shown by the implicators of one's deliberate acts, legitimate interests of the courts to their dignity and efficient operation of their court calendar would have no protection."

In the present case the juror is apologetic as he should be. However, he did not just oversleep. Partying on the night before summations and a charge in a four-day jury trial *to the extent* of having such a "big time" as to be one hour and 40 minutes late for the commencement of trial, constitutes a reckless disregard of the juror's responsibilities sufficient for us to conclude that the conscious and deliberate act of partying under those circumstances gave rise to a substantial certainty of the resulting conduct. Accordingly, there was a sufficient basis to find the juror in contempt. We agree with the Superior Court, that not allowing intent to be shown by the implicators of one's deliberate acts, on these facts, would render meaningless the legal requirement of a juror's obedience to process.

Accordingly, we enter the following:

## ORDER

And now, this July 7, 1987, the petition of Ronald E. Burkholder for reconsideration of a finding of summary criminal contempt on June 25, 1987, is denied.