670 A.2d 190

**Gloria RICCI**

v.

**Pamela GEARY.**

**Appeal of Glenn D. DOLFI, Esquire.**

Superior Court of Pennsylvania.

Argued Dec. 5, 1995.

Filed Jan. 19, 1996.

610

Glenn Dolfi, Pittsburgh, appellant, in propria personna.

Miles A. Kirshner, Pittsburgh, for appellee.

Before CIRILLO, TAMILIA and BROSKY, JJ.

CIRILLO, Judge.

This is an appeal from an order of contempt entered against Glenn D. Dolfi, Esquire, by the Court of Common Pleas of Allegheny County. We reverse.

Glenn D. Dolfi represents the plaintiff in the above-referenced civil action taking place in Allegheny County (Allegheny case). At the same time that trial for the Allegheny case was scheduled, Dolfi was also obligated to attend an arbitration in Butler County (Butler case). Realizing this potential conflict,

Dolfi requested that the arbitration in Butler be continued. The arbitrators denied this request.

Dolfi was able to enter his appearance and to present opening arguments to the jury on the first day of the Allegheny trial. Due to Dolfi's commitment to attend the Butler County arbitration on the following day, June 1, Dolfi had a colleague in his firm appear in court for the Allegheny trial. After the jury returned a $50,000.00 plaintiff verdict in the Allegheny case, the Honorable Joseph M. James held Dolfi in contempt of court for his failure to appear in court on June 1 and imposed a $300.00 fine.

Dolfi filed a motion for reconsideration which was denied by the trial court. This appeal followed. Dolfi raises the following issues for our review:

(1) Whether an attorney who had conflicting in-court commitments, and who had his law firm partner who had previously participated in the trial at issue substitute for him, was contemptuous when he failed to appear at the trial at issue;

(2) Whether an attorney's convictions for contempt based on his failure to appear in trial due to conflicting in-court commitments, but who made arrangements for his law firm partner to substitute for him in the trial at issue, was supported by evidence establishing an intentional disobedience or intentional neglect of the lawful process of the court or a reckless disregard of the lawful process of the court; and

(3) Whether an attorney who is convicted of contempt has been denied his constitutional right to due process when he is afforded no notice for a hearing as to said contempt charges?

In considering an appeal from a contempt order, we place great reliance on the discretion of the trial judge. *Commonwealth v. Worthy,* 354 Pa.Super. 454, 456, 512 A.2d 39, 40 (1986) (citation omitted). "Each court is the exclusive judge of contempts against its process, and on appeal its actions will be reversed only when a plain abuse of discretion

occurs." *Commonwealth v. Jackson,* 367 Pa.Super. 6, 12, 532 A.2d 28, 31 (1987). The Legislature has authorized the use of summary contempt power through 42 Pa.C.S. § 4131. This statute, in relevant part, states:

> The power of the several courts of this Commonwealth to issue attachments and to inflict summary punishments for contempts of court shall be restricted to the following case [ ]:
>
> > II. [To] disobedience or neglect by officers ... of or *to the lawful process of the court.*

Additionally, unless the evidence establishes an intentional disobedience or an intentional neglect of the lawful process of the court, no contempt has been proven. *Commonwealth v. Washington III,* 466 Pa. 506, 353 A.2d 806 (1976).

 Both this court and our supreme court have addressed the issue of whether there was sufficient evidence of intent necessary to sustain summary contempt holdings of lawyers under subsection II of 42 Pa.C.S. § 4131. When there is no proof that an attorney either had notice of his expected appearance in court on a specified date or that the attorney's failure to appear in court was "an intentional or willful disregard of the lawful process of the trial court," no contempt conviction will stand. *Washington III, supra; see also In re James,* 307 Pa.Super. 570, 453 A.2d 1033 (1982) (counsel overslept and arrived late at trial, delaying court's instructions to the jury; because there was no indication of intentional disobedience or intentional neglect on the part of counsel, summary criminal contempt conviction and fine were reversed). Because Dolfi's conduct did not rise to the level of intentional or willful disregard of the lawful process of court, we reverse.

In *In re Bernhart,* 501 Pa. 428, 461 A.2d 1232 (1983), a contempt case similar to this case, an attorney notified an assistant court administrator, who was connected with a case in which the attorney was defense counsel, that he had to appear in court in another county. When the attorney failed to appear for an assigned case, the court held that the

attorney was not in contempt of court because he did not have the intent to disobey an order requiring him to be available for the assignment of cases on a stand-by trial list. Specifically, the *Bernhart* court reasoned:

> Oftentimes a lawyer finds himself in a situation whereby he must arrange his affairs to minimize the effects of an unforeseen conflict. Where time is short, it is not always possible or practical to notify the president judge personally of a conflict. In this instance, notifying an officer of the court with knowledge of the circumstances is a reasonable alternative.

*Id.* at 431, 461 A.2d 1232 at 1233. *See also Matter of Ring*, 492 Pa. 407, 424 A.2d 1255 (1981) (attorney with conflicting in-court commitments, who timely notifies one court of his inability to meet his commitment there, cannot be held in direct criminal contempt); *Commonwealth v. Washington*, 470 Pa. 199, 368 A.2d 263 (1977) (there was insufficient evidence to sustain a criminal contempt conviction when a defense attorney failed to appear in court on certain specified dates because trial judge in first county was told by judge in second county that attorney would not be able to be present in his court for trial, and also because the attorney had no notice of first county trial where he had been informally dismissed as defense counsel).

Here, we find that the court lacked sufficient evidence to hold Dolfi in contempt for his failure to appear at the Allegheny trial on June 1. Dolfi knew from the inception of the plaintiff's negligence suit that trial was to begin at the end of May. Accordingly, he made attempts to have his arbitration continued, which were unsuccessful. Dolfi additionally arranged to have a qualified partner, from his firm, appear in his place for the trial on June 1. This attorney was familiar with the case, having previously conducted a deposition of one of plaintiff's witnesses. The combined success of counsels' efforts on behalf of plaintiff's case is evidenced by the jury's returning a rather significant verdict for the plaintiff. These facts hardly constitute a showing of neglect in Dolfi's duties as

trial counsel and officer of the court, or an intentional neglect of the lawful process of the court. *Washington III, supra.*

Furthermore, Dolfi's one day absence caused no delay or hindering of the administration of justice. Through Dolfi's substitute counsel, also an officer of the court, the trial court was notified that Attorney Dolfi would not be able to make the June 1 court date. *In re Bernhart, supra.* Dolfi was neither neglectful nor disobedient of the court. *See* 42 Pa.C.S. § 4131(ii). As such, the trial court abused its discretion by holding Dolfi in contempt. *Jackson, supra.* Accordingly, the order must be reversed. *In re James, supra.*

■■■ Dolfi also contends that he was denied the fundamental constitutional right to notice and a hearing before he was held in contempt. Because we have determined that Dolfi was wrongfully held in contempt, we need not address this issue on appeal.[1]

Order reversed.

1. Even if the trial court properly determined that Dolfi committed contempt, we would be compelled to reverse the order based on the denial of Dolfi's constitutional right to due process and notice. Certain procedural safeguards are required before a summary contempt conviction will be entered. The court in *Matter of Mandell*, 489 Pa. 522, 414 A.2d 1013 (1980), noted that judges may warn an individual that his/her conduct is considered contumacious, or give the party prior warnings in order to "permit an individual to conform his/her conduct to expected court norms or to ensure that the elements of the offense have been established." *Id.* (citations omitted); *see also Commonwealth v. Jackson*, 367 Pa.Super. 6, 532 A.2d 28 (1987) (due process requires that contemnor should have reasonable notice of specific charges and an opportunity to be heard on his behalf).

When summary contempt power is exercised, there should normally be afforded at least a summary opportunity to adduce evidence or argument relevant to guilt or punishment. *Commonwealth v. Stevenson*, 482 Pa. 76, 393 A.2d 386 (1978). The trial court order noted that Dolfi was given the opportunity to offer a reasonable explanation for his absence from court on June 1. Dolfi was given the opportunity to be heard, however, immediately after the jury returned its verdict for the plaintiff. The court provided no opportunity for a formal hearing where Dolfi could adduce the evidence of his charge and address the court with a well-prepared argument regarding his innocence. *Stevenson, supra.* This impromptu notice given to Dolfi, by the court, regarding the charge of contempt, is far from representative of a proceeding that affords an alleged contemnor his/her procedural safeguards. *Mat-*

*ter of Mandell, supra.* Such conduct by the court failed to afford Dolfi his due process rights.