Josette STEWART

v.

**Roderick L. FOXWORTH, Sr., Roderick L. Foxworth Jr., Foxworth Inc., Exit Premier Realty, Briser Abstract, Co., Eric Brown, Washington Mutual Bank, JP Morgan Chase Bank, N.A.**

**Appeal of John J. Martucci, Jr.**

Superior Court of Pennsylvania.

Submitted Oct. 22, 2012.
Filed April 19, 2013.

John J. Martucci, Jr., Philadelphia, for appellant.

William D. Longo, Philadelphia, for Exit Premier, appellee.

Donald M. Moser, Philadelphia, for Foxworth, et al., appellee.

Joshua D. Baker, Pittsburgh, for JP Morgan, appellee.

BEFORE: PANELLA, J., LAZARUS, J., and WECHT, J.

OPINION BY WECHT, J.:

John J. Martucci, Jr. ("Appellant"), attorney for the plaintiff in the underlying

action, appeals the trial court's March 12, 2012 order. That order imposed a $1000.00 sanction for Appellant's failure to appear at a scheduled Rule Returnable Hearing. We are constrained to reverse.

The facts and procedural history of the underlying case are immaterial to the disposition of this appeal. However, the events leading to the trial court's March 12, 2012 order are relevant. The trial court summarized that background as follows:

The above captioned matter was initially scheduled for a Case Management Conference ("CMC") September 9, 2011. On September 9, 2011, [the trial court] continued said Conference to September 19, 2011, notifying all parties no further continuances would be granted. [Appellant] failed to appear at the rescheduled CMC September 19, 2011. Consequently, [the trial court] granted another continuance and rescheduled the CMC for October 20, 2011, notifying all parties no further continuances would be granted. Additionally, [the trial court] sanctioned Appellant $100.00 for having failed to appear on September 19, 2011 and specifically informed him his "continued failure to appear will result in the imposition of further sanctions including dismissal of this action and/or preclusion." Despite receiving proper notice, Appellant failed to pay his $100.00 sanction within the requisite thirty days. Accordingly, [the trial court] scheduled a Rule Returnable Hearing for December 12, 2011.

Appellant failed to appear at his December 12, 2011 Hearing and was further sanctioned $200.00 in addition to the $100.00 [sanction]. [The trial court] scheduled another Rule Hearing on the [combined] $300.00 sanction for February 27, 2012. At Appellant's request [the trial court] continued the date to March 12, 2012.

In a letter sent 7:40 PM on Sunday, March 11, 2012, Appellant notified [the trial court] he would not attend his third Rule Hearing on 10:00 AM Monday, March 12, 2012. Appellant's letter state[d] he had a scheduled appearance in Delaware County Court (It is hard to imagine he was not aware of said appearance on Friday, March 9, 2012). Additionally, he stated he failed to attend the previous Hearings due to illness. At 9:05 AM on March 12, 2012, [the trial court] left two messages notifying Appellant his continuance request was denied. Nonetheless, Appellant failed to attend. As a result, [the trial court] imposed a $1000.00 sanction in addition to the $300.00 already imposed.

Trial Court Opinion ("T.C.O."), 5/24/2012, at 1–2 (citations to record omitted). On April 3, 2012, Appellant filed his notice of appeal. On April 9, 2012, the trial court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On May 1, 2012, Appellant filed his concise statement.

Appellant presents one issue for our review: Whether the trial court abused its discretion in ordering cumulative sanctions against plaintiff's counsel? Appellant's Brief at 4.[1]

 Before reaching the merits of Appellant's issue and because the trial court's order does not dispose of the underlying case, we must ensure that we have jurisdiction to dispose of this appeal. Whether an order is appealable is a jurisdictional question. *Rhoades v. Pryce*, 874

---

1. Although Appellant refers to the two prior orders that imposed sanctions of $100.00 and $200.00, and although the March 12 order mentions those prior sanctions, the orders imposing those sanctions were not appealed.

A.2d 148, 151 (Pa.Super.2005) (*en banc*). An appeal lies only from a final order, unless permitted by rule or statute. An order imposing sanctions, including one that imposes sanctions on an attorney, is considered a final order and is therefore appealable. *Id.* Accordingly, we proceed to the merits.

■ We review an order imposing sanctions for an abuse of discretion. *Id.* at 153.

■ Appellant argues that the March 12, 2012 order found him to be in civil contempt. Appellant contends that this was error because there was no showing that his failure to appear was willful or done with wrongful intent. Appellant complains as well that he had no opportunity to present evidence prior to the entry of the order. Appellant's Brief at 14–17.[2]

■ Appellant's argument is premised upon his belief that he was found to be in civil contempt of the court's order. Although no specific finding of contempt was made, Appellant's belief has some grounding in the record. Appellant had failed to appear at a "Rule Returnable Hearing." A rule to show cause is part of the five-step civil contempt process.[3] *Wood v. Geisenhemer–Shaulis*, 827 A.2d 1204, 1208 (Pa.Super.2003). Part of the court's March 12 order focused upon Appellant's failure to comply with its prior orders. Generally, failure to comply with an order is a matter of civil contempt,

because the court's contempt adjudication seeks to coerce compliance. *Id.* at 1207.

The trial court failed to proceed through the proper steps necessary to find Appellant in civil contempt of its prior order. Instead, the trial court focused on Appellant's failure to appear. Sanctions for an attorney's failure to appear in court have long been considered matters of criminal contempt. *See Himes v. Himes*, 833 A.2d 1124 (Pa.Super.2003); *Ricci v. Geary*, 670 A.2d 190 (Pa.Super.1996); *In re Bernhart*, 501 Pa. 428, 461 A.2d 1232 (1983); *Commonwealth v. Giordano*, 254 Pa.Super. 543, 386 A.2d 83 (1978).

The trial court does not indicate that it made any finding of contempt, much less identify whether such adjudication was civil or criminal in nature.[4] Instead, the court asserts that it had the authority under Pa.R.C.P. 218 to sanction Appellant. T.C.O. at 2–4. Rule 218 provides: "Where a case is called for trial, if without satisfactory excuse a plaintiff is not ready, the court may enter a nonsuit on motion of the defendant or a non pros on the court's own motion."[5] Pa.R.C.P. 218(a). The rule does not contemplate imposition of monetary sanctions against an attorney who fails to appear. Moreover, none of the cases cited by the trial court support such a conclusion.

The court does have the power to impose punishment to prevent the obstruction of court processes:

---

**2.** None of the parties in the underlying case filed briefs with this Court. Appellant's brief, as well as a reproduced record that includes the trial court opinion and other materials, provide the backdrop for this Opinion.

**3.** That process is: (1) a rule to show cause why an attachment should not issue, (2) an answer and hearing, (3) a rule absolute, (4) a hearing on the contempt citation, and (5) an adjudication. *Wood*, 2003 PA Super 224, 827 A.2d at 1208.

**4.** *See Commonwealth v. Moody*, 46 A.3d 765, 771–72 (Pa.Super.2012) (differentiating between civil and criminal contempt).

**5.** Rule 218 has been interpreted to apply to pre-trial obligations, such as conciliations and hearings, as well as trial. *Anderson v. Pennsylvania Fin. Responsibility Assigned Claims Plan*, 432 Pa.Super. 54, 637 A.2d 659, 660 (1994).

The power of the several courts of this Commonwealth to issue attachments and to impose summary punishments for contempts of court shall be restricted to the following cases:

(1) The official misconduct of the officers of such courts respectively.

(2) Disobedience or neglect by officers, parties, jurors or witnesses of or to the lawful process of the court.

(3) The misbehavior of any person in the presence of the court, thereby obstructing the administration of justice.

42 Pa.C.S.A. § 4132.

■■■■■ Violations of section 4132 are viewed as criminal contempt. To find direct criminal contempt:

[T]here must be proof beyond a reasonable doubt of (1) misconduct; (2) in the presence of the court; (3) committed with the intent to obstruct justice; and (4) that obstructs the administration of justice. Misconduct is behavior that is inappropriate to the role of the actor. Wrongful intent will be found where the contemnor knows or reasonably should be aware that his conduct is wrongful.

*Himes v. Himes,* 833 A.2d 1124, 1125–26 (Pa.Super.2003) (citations and internal quotation marks omitted).

In *Himes,* we held that an attorney's failure to appear was misconduct that occurred in the presence of the court. *Id.* at 1127. We affirmed the finding of criminal contempt entered when a hearing had to be postponed because an attorney failed to

appear. *Id.* at 1128. However, we also have held that, when an attorney had conflicting in-court commitments and provided timely and sufficient notice to the trial court, there was no willful intent sufficient to support a contempt finding. *Commonwealth v. Debose,* 833 A.2d 147, 150 (Pa.Super.2003). *See also Ricci v. Geary,* 447 Pa.Super. 609, 670 A.2d 190 (1996); *In re Bernhart,* 501 Pa. 428, 461 A.2d 1232 (1983). We take note as well of *Commonwealth v. Giordano,* 254 Pa.Super. 543, 386 A.2d 83 (1978), a case in which we reversed a finding of contempt entered when an attorney failed to appear due to an in-court conflict, even though the attorney failed to provide notice of the conflict.[6]

We do not in any way condone Appellant's behavior. On the contrary, we censure it. As well, we share the trial court's exasperation. Yet, inasmuch as contempt is a creature of law and not merely of power, we are constrained to reverse.

The trial court would have acted well within its authority had it entered a nonsuit or a non pros under Rule 218 based upon Appellant's failure to appear. However, the trial court had no authority to sanction Appellant with a monetary fine under Rule 218.

■■■■■ The trial court made no specific finding of criminal contempt. Had it intended such a finding, it would have been constrained by our prior cases, which make clear that, when an attorney fails to

---

**6.** Some question exists concerning the extent of the notice that Appellant provided the court regarding his in-court conflict. The trial court cites a fax sent the Sunday evening before the scheduled Monday morning hearing. T.C.O. at 2. Appellant submitted a June 22, 2012 affidavit from Luke Steets, Appellant's staffperson. The affidavit was made part of the original record by praecipe on August 29, 2012. In the affidavit, Mr. Steets averred that he telephoned the trial court on

February 27 to inform the court of the conflict that would preclude Appellant's appearance at the March 12 hearing. Mr. Steets also attested that he was told by court staff that Appellant must put any request for a date change in a letter. Whether the trial court received timely notice of Appellant's conflict is ultimately irrelevant, as the resolution to that issue would not alter our disposition of this appeal.

appear due to a conflict with other in-court commitments and provides notice of the conflict, a criminal contempt adjudication generally will not stand.

The trial court could have pursued the procedure appropriate for finding Appellant in civil contempt for violation of the court's order. *See Wood,* 827 A.2d at 1208. The trial court could have awarded the defendants counsel fees if the court made findings that Appellant's conduct was "dilatory, obdurate or vexatious" pursuant to 42 Pa.C.S.A. § 2503(7). Instead, the trial court imposed a monetary sanction under Rule 218. The plain language of that rule does not support the imposition of this species of penalty. Accordingly, we reverse and remand to the trial court. The trial court may, at its discretion, initiate contempt proceedings.

Order reversed and remanded. Jurisdiction relinquished.