J-A08002-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| LORETTA EPPS | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| DUNBAR COMMUNITY COUNSELING SERVICES; DR. REGINALD BANKS PH.D; AND YOLANDA BANKS | |
| Appellees | No. 1232 EDA 2016 |

Appeal from the Order Entered March 18, 2016
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): 1406-03646

BEFORE:  PANELLA, J., LAZARUS, J., and STEVENS, P.J.E.[*]

JUDGMENT ORDER BY PANELLA, J.                    **FILED JUNE 29, 2017**

Appellant, Loretta Epps, asks us to review the order denying her request to file an appeal *nunc pro tunc*. While we conclude that a breakdown in court operations occurred, we nevertheless affirm the order on the basis that the proposed appeal would be interlocutory.

Epps filed a complaint against Appellees asserting that she had been wrongfully terminated from her employment after revealing their fraudulent conduct. Appellees, in turn, filed an answer denying Epps's assertions, and asserted counterclaims against her premised in defamation and commercial disparagement.

---

[*] Former Justice specially assigned to the Superior Court.

On July 31, the trial court provided Epps with notice that it had granted summary judgment in favor of Appellees on all of Epps's claims. Appellees' counterclaims were still intact, as neither party had filed for summary judgment on the counterclaims. The case was listed for trial in October.

On August 21, Epps attempted to file a notice of appeal from the order granting summary judgment to the Appellees. It is undisputed that the trial court Prothonotary rejected the filing, allegedly over the failure to include a certificate of service that identified the trial court as a recipient. This the trial court Prothonotary was not permitted to do. *See*, *e.g.*, *Commonwealth v. Willis*, 29 A.3d 393, 396 (Pa. Super. 2011).

Shortly after being notified that the affidavit of service was deficient, Epps filed a corrected affidavit of service. The corrected affidavit of service was accepted by the Prothonotary and is in the certified record, while the notice of appeal it references is not.

The events that followed amply support the propriety of the rule followed in *Willis*. The trial court first entered an order directing Epps to file a statement of matters complained of on appeal, and then vacated the order, noting that the order was "without prejudice for petitioner to re-file." Epps attempted to determine what had gone wrong, and eventually filed a second notice of appeal on October 5.

The trial court again ordered Epps to file a statement of matters complained of on appeal, and Epps complied. We quashed the appeal as untimely on January 19, 2016.

On February 16, 2016, Epps filed a petition for allowance of appeal *nunc pro tunc*. The trial court denied the petition, and this timely appeal followed.

"Generally, in civil cases [*nunc pro tunc* relief] is granted only where there was fraud or a breakdown in the court's operations through a default of its officers." **Union Electric Corp. v. Board of Property Assessment, Appeals & Review of Allegheny Coutny**, 746 A.2d at 584 (Pa. 2000) (citation omitted). As noted previously, it is undisputed that the trial court Prothonotary acted without authority in rejecting Epps's notice of appeal. As such, there clearly was a breakdown in the court's operation that acted to nullify her attempt to appeal.

However, it is equally apparent from the record that the order Epps desired to appeal was interlocutory. A party may only appeal from a final order unless otherwise permitted by rule or statute. **See Stewart v. Foxworth**, 65 A.3d 468, 471 (Pa. Super. 2013). A final order is any order that disposes of all claims and all parties. **See** Pa.R.A.P. 341(b)(1). As noted above, Appellees' counterclaims were still pending and were listed for trial when Epps attempted to file the notice of appeal. A review of the certified record before us reveals no indication that Appellees' counterclaims have

been resolved. As such, we conclude that Epps was not denied her right to appeal, as that right has not yet ripened.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/29/2017