J-S16034-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| MEYER AHARON JOSHUA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| TRAVIS KECK | : | No. 137 EDA 2021 |

Appeal from the Order Entered December 15, 2020
In the Court of Common Pleas of Carbon County Civil Division at No(s):
No. 16-1927

BEFORE:   BENDER, P.J.E., McLAUGHLIN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:            **FILED JULY 6, 2021**

Appellant Meyer Aharon Joshua appeals the order of the Court of Common Pleas of Carbon County denying Joshua's petition for contempt against Appellee Travis Keck for his alleged noncompliance with the trial court's September 17, 2018 order which incorporated the parties' stipulation. After careful review, we affirm.

The trial court summarized the factual background and procedural history of this case as follows:

> On August 17, 2016, Joshua filed an Action to Quiet Title complaint against Keck over an alleged encroachment into Joshua's property located at 40 West [Main] Street, Weatherly, Pennsylvania. … Eventually on September 14, 2018, the parties entered into a stipulation to resolve the underlying litigation. The stipulation was incorporated into an order of court dated September 17, 2018.

_____

[*] Former Justice specially assigned to the Superior Court.

On August 17, 2018, Joshua filed a petition for contempt alleging that Keck, in violation of the stipulation and order "began erecting a new addition to his home which invades [Joshua's] property, approximately as much as the 'existing porch.'" [FN1] Joshua also claims that Keck removed Joshua's fence in violation of the order and has not made all payments due and owing to Joshua under the terms of that stipulation and order.

[FN1 Joshua resides at 40 West Main Street, Weatherly, Pennsylvania and Keck lives at 28 Race Street, Weatherly, Pennsylvania. These properties share a boundary line where the encroachment is located.]

In relevant and pertinent parts relating to the petition for contempt, the following paragraphs from the stipulation were at issue in the hearing on the underlying petition:

3. The parties, intending to be legally bound, without admission of wrongdoing, hereby agree as follows:

\*\*\*

B. Each party shall enjoy quiet use, title, and enjoyment of their respective properties on either side of said agreed line, without interference, harassment, disturbance, trespass, or encroachment of any kind, but for [Keck's] existing porch, which encroaches upon [Joshua's] property, which may remain.

C. [Joshua] will re-erect the common fence on or near the previous fence location which was at or near the agreed upon boundary line. However, the fence shall not be erected over the existing covered and open porches, it shall be erected along the sides of the porches, leaving sufficient space for [Keck] to access for maintenance purposes.

D. [Keck] shall pay the sum of $1200.00 to [Joshua] in monthly installments of $50.00, commencing the first day of October, 2018, and continuing the first day of each month thereafter, until the full amount is paid.

A hearing was held on Joshua's petition for contempt on October 13, 2020. At that hearing, Joshua testified, that Keck, after the execution of the stipulation, began to construct on a concrete pad abutting his house, a structure which appears to resemble an enclosed porch. Additionally, Joshua testified that

- 2 -

some of the trusses from the roof structure of the addition as well as the replacement roof Keck was putting on the other structure actually went beyond the perimeter of that area and in fact encroached further into the Joshua property than that allowed by the terms of the stipulation.[FN2] By Joshua's calculations, this structure amounted to an additional 99 square foot encroachment into his property.

[FN2 Keck acknowledged that in the picture presented by Joshua that this was accurate, however, that was temporary. Keck testified that those boards were eventually cut back evenly to a location that did not extend beyond the boundary line, This, Keck stated[,] did not cause a further encroachment into the Joshua property.]

Joshua also testified that a fence was removed three times by Keck in violation of the stipulation and order. Joshua indicated that the fence was placed one foot back onto his property, suggesting that it was one foot off of the common boundary line. Joshua also testified that Keck failed to comply with that portion of the agreement that required Keck to pay him a total of $1,200.00, claiming that as of the filing of the contempt petition, he was still owed $100.00 under that stipulation and order.[FN3] As a result of all these alleged contemptuous actions, Joshua requested this Court find Keck in contempt, order him to remove this structure, replace the fence and pay the last installment of the agreement as well as his attorney fees.

[FN3 This Court must note that this agreement required Keck to pay Joshua twenty-four (24) incremental payments of $50.00 per month beginning in October 2018. If payments were made as required, the last payment would be due on September 1, 2020. This contempt [petition] was filed on August 17, 2020, prior to the due date of that last scheduled payment, however[,] Joshua testified that he believed he was owed $50.00 for the month of October, 2020, a date beyond the last due date.]

In turn, Keck testified that when he purchased his home, there was a covered porch on the very concrete pad in question that he previously removed because of its bad condition. The construction that Keck was engaged in was to replace that which he had taken down years earlier. Keck testified that any construction did not extend beyond the footprint of the concrete pad and was in fact set back from the edge of the concrete pad.

- 3 -

Keck also testified that the trusses that actually extended beyond the boundary line as testified to by Joshua were temporarily placed there for the sole reason of assuring that when the time came to place the fascia board on, everything would be straight and level. As per Keck's testimony those trusses were eventually cut back and were not an additional encroachment into the Joshua property.[FN4]

> [FN4 Keck testified that his understanding of the encroachment area included that existing building and the concrete pad.]

On the issue of the fence, Keck testified that the fence placed there by Joshua impeded Keck's ability to access his property and maintain the same. The fence, according to Keck[,] consisted of old wire mesh and was held in place by concrete blocks and stones. Keck acknowledged that he removed it because when Joshua replaced it, he did so in a manner that it was placed "right across the patio or the porch" and blocked his access to his property. Keck acknowledged that after he removed it, he rolled it up and placed it in a pile for Joshua.[FN5]

> [FN5 Keck also testified he left it in this pile at the property line, but since Joshua was not moving it, he was having difficulty mowing his grass. Thus, after a month[, Keck] disposed of it.]

Trial Court Opinion (T.C.O.), 1/28/21, at 2-5.

On December 14, 2020, the trial court denied Joshua's contempt petition. On January 4, 2021, Joshua filed a timely appeal. On January 6, 2021, the trial court directed Joshua to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) within twenty-one days of its order. The order indicated that "[a]ny issue not properly included in the Concise Statement shall be deemed waived." Order, 1/6/21, at 1.

On January 11, 2021, Joshua filed a concise statement that included the claims that the trial court erred by:

[1] "… permitting [Keck] to enlarge the 'existing porch' to a larger size, contrary to the plain language of paragraph 3B of the said stipulation"[;]

[2] "focus[ing] on the wrong section of the said Stipulation"[; and]

[3] "In finding [Keck] 'not guilty,' failing to award [Joshua] attorney fees and costs, and failing to order the new structure to be removed[.]"

Concise Statement, 1/11/21, at 2-3 (renumbered for review).

Thereafter, on January 25, 2021, Joshua filed a supplemental concise statement claiming:

[1] [t]the court erred by not finding [Keck] in contempt for entering upon the lands of [Joshua] and removing a portion of [Joshua's] fence posts, despite [Keck] admitting he removed [Joshua's] fence and/or fence posts.
…
[2] [t]he court erred by not ordering [Keck] to replace [Joshua's] fence and/or fence posts.

Supplemental Concise Statement, 1/25/21, at 1-2 (renumbered for review).[1]

In his appellate brief, Joshua raises two issues for our review:

A. Did the trial court err by failing to find that [Keck's] new construction violated the Stipulation and Order, and by failing to order its removal, and to award attorney fees?

B. Did the trial court err by failing to find that [Keck's] actions in removing and discarding [Joshua's] fence violated the Stipulation and Order, and by failing to order [Keck] to replace the fence, and award attorneys fees?

Joshua's Brief, at 8.

---

[1] Both of Joshua's concise statements also included several numbered paragraphs setting forth factual background information that did not include claims of trial court error. We have eliminated those unnecessary paragraphs for ease of review.

In reviewing the trial court's order denying the petition for contempt, our standard of review is as follows:

> [A]n appellate court has the authority to determine whether the findings of the trial court support its legal conclusions, but may only interfere with those conclusions if they are unreasonable in light of the trial court's factual findings. This Court will not reverse or modify a final decree unless there has been an error of law or an abuse of discretion, **or if the findings are not supported by the record, or there has been a capricious disbelief of the credible evidence.** Furthermore [e]ach court is the exclusive judge of contempt against its process, and on appeal its actions will be reversed only when a plain abuse of discretion occurs.

*Sutch v. Roxborough Mem'l Hosp.,* 142 A.3d 38, 67 (Pa.Super. 2016) (citation omitted) (emphasis in original).

This Court has explained that "[t]he purpose of a civil contempt proceeding is remedial. Judicial sanctions are employed to coerce the defendant into compliance with the court's order, and in some instances, to compensate the complainant for the losses sustained." *Stahl v. Redcay*, 897 A.2d 478, 486 (Pa.Super. 2006). Moreover,

> [t]o be punished for contempt, a party must not only have violated a clear order, but that order must have been **definite, clear, and specific** — leaving no doubt or uncertainty in the mind of the contemnor of the prohibited conduct. Because the order forming the basis for civil contempt must be strictly construed, any ambiguities or omissions in the order must be construed in favor of the defendant. In such cases, a contradictory order or an order whose specific terms have not been violated will not serve as the basis for a finding of contempt. To sustain a finding of civil contempt, the complainant must prove certain distinct elements: (1) that the contemnor had notice of the specific order or decree which he is alleged to have disobeyed; (2) that the act constituting the contemnor's violation was volitional; and (3) that the contemnor acted

- 6 -

with wrongful intent. A person may not be held in contempt of court for failing to obey an order that is too vague or that cannot be enforced.

[**Stahl v. Redcay**, 897 A.2d 478, 489 (Pa.Super. 2006)] (emphasis in original) (citation omitted). In other words, the alleged contemnor must know of the prohibited conduct, with any ambiguities, omissions, or uncertainties in the order construed in favor of the alleged contemnor, the act constituting the violation must be deliberate, and the act of the alleged contemnor must have been done with improper intent. **Id.** **See also In re Contempt of Cullen**, 849 A.2d 1207, 1210 (Pa.Super. 2004), *appeal denied,* 582 Pa. 676, 868 A.2d 1201 (2005).

"In proceedings for civil contempt of court, the general rule is that the burden of proof rests with the complaining party to demonstrate that the defendant is in noncompliance with a court order." **MacDougall v. MacDougall**, 49 A.3d 890, 892 (Pa.Super.2012), *appeal denied,* 621 Pa. 679, 75 A.3d 1282 (2013). "However, a mere showing of noncompliance with a court order, or even misconduct, is never sufficient alone to prove civil contempt." **Habjan v. Habjan**, 73 A.3d 630, 637 (Pa.Super.2013). **See also In re Contempt of Cullen, supra**. "[U]nless the evidence establishes an intentional disobedience or an intentional [disregard] of the lawful process of the court, no contempt has been proven." **Ricci v. Geary**, 447 Pa.Super. 609, 670 A.2d 190, 192 (1996).

**Sutch**, 142 A.3d at 67–68.

As an initial matter, we note that Joshua suggests that the trial court was not required to make a finding of contempt but merely could have found Keck to have breached the parties' stipulation that was incorporated into the trial court's order. However, our review of the record revealed that Joshua's petition only included a general request for the trial court to find Keck in contempt and did not specifically request that Keck be found liable for a breach of the parties' stipulation (or settlement agreement). Thus, this issue was not properly preserved before the trial court. **See** Pa.R.A.P. 302(a) ("[i]ssues not

raised in the lower court are waived and cannot not be raised for the first time on appeal"). As such, the trial court correctly limited its review to determine whether Keck should be held in contempt for his alleged noncompliance with the trial court's order.

Joshua first asserts that the trial court should have found Keck to be in contempt as Keck's new construction on his concrete pad violated the trial court's order that prohibited further "encroachment of any kind." While Joshua acknowledges that order indicated that Keck's "existing porch, which encroaches upon [Joshua's] property, … may remain," Joshua claims the trial court erred in finding the "existing porch" constituted Keck's concrete pad. Instead, Joshua argues that the "existing porch" referred to a different location at Keck's outcrop building which he used for storage.

However, this specific argument was not raised in Joshua's concise statement filed pursuant to Rule 1925(b). Instead, Joshua claimed, to the contrary, that the trial court erred in "permitting [Keck] to **enlarge** the 'existing porch[.]'" Concise Statement, 1/11/21, at 2 (emphasis added). This language in Joshua's concise statement indicates that he conceded that the trial court correctly determined that the "existing porch" was the location where Keck was building his new construction, *i.e.*, the concrete pad.

As such, Joshua's claim that the trial court erred in determining the location of the "existing porch" is waived due to his failure to raise it in his concise statement. Pa.R.A.P. 1925(b)(4)(vii); **Commonwealth v. Lord**, 553 Pa. 415, 420, 719 A.2d 306, 309 (1998) ("[F]rom this date forward …

[a]ppellants must comply whenever the trial court orders them to file a Statement of [Errors] Complained of on Appeal pursuant to Rule 1925. Any issues not raised in a 1925(b) statement will be deemed waived"); ***Greater Erie Industrial Development Corp. v. Presque Isle Downs, Inc.***, 88 A.3d 222, 224 (Pa. Super. 2014) (*en banc*) ("it is no longer within this Court's discretion to ignore the internal deficiencies of Rule 1925(b) statements").

Thus, we only review Joshua's contention that the trial court should have held Keck in contempt for placing new construction on the "existing porch" or concrete pad, as he asserts that the new construction constitutes additional encroachment onto his property. Joshua claims this new construction violates the order and stipulation which prohibits "encroachment of any kind, but for [Keck's] existing porch, which encroaches upon [Joshua's] property, which may remain."

To support its decision to deny Joshua's contempt petition, the trial court set forth the following analysis:

> Pursuant to Black's Law Dictionary (11th Ed. 2019)[,] encroachment is defined as: 1) an infringement of another's right; 2) an interference with or intrusion onto another's property. Clearly, the existing porch referenced throughout was an encroachment onto [Joshua's] property. [Joshua] argues that the building by [Keck] of the enclosed structure, through on the existing and encroaching porch, is a "further" encroachment. We disagree.
>
> What [Keck] has done here is "build up, not out." In other words, [Keck] has not enlarged the footprint of the encroachment. Building up and not expanding the size of the encroachment into [Joshua's] property does not infringe upon [Joshua's] property any more than the parties agreed [Keck] could do by virtue of the stipulation. Had the parties intended to prevent a particular use

of the encroachment, that should have been made part of the stipulation. Here [Keck] is "using" the existing porch which encroaches into [Joshua's] property and can do so without restriction provided it otherwise complies with the law.

T.C.O., at 14-15.

Based on these facts, we agree with the trial court's assessment that in building his new construction, Keck's conduct was "consistent with the intent of the stipulation." T.C.O., at 15. The trial court's finding is supported by the record as the language of the trial court's order, which was based on the parties' own stipulation, deemed the "existing porch" area to be a permissible encroachment onto Joshua's property and did not include any further restriction on Keck's use of the property provided that it complies with local ordinances. Joshua never established a dimensional description of the concrete pad area and does not challenge the trial court's finding that Keck's new construction does not extend onto Joshua's land further than the permitted encroachment.

Further, we note that Joshua did not allege at any point in the lower court or on appeal that Keck acted with improper intent. Our review of the record simply presents a situation in which two parties disagree on how to interpret the trial court's order which was based on a stipulation that the parties themselves authored and agreed on. As a result, we find the trial court did not abuse its discretion in refusing to find Keck in civil contempt for his construction on the "existing porch" area.

In his second issue on appeal, Joshua asserts "the trial court erred in not finding Keck in contempt concerning the fence and by failing to order

- 10 -

[Keck] to replace the fence and/or posts." Joshua's Brief, at 35. As noted above, the trial court's order, based on the parties' stipulation, allowed Joshua to place a fence on his property to define the property boundary but expressly indicated that "the fence shall not be erected over the existing covered and open porches, it shall be erected along the sides of the porches, leaving sufficient space for [Keck] to access for maintenance purposes."

However, the trial court found that Keck to be credible in testifying that while he did remove Joshua's fence, he intended to relocate the fence away from his home in order to allow Keck to maintain his property, which included the porch area. The trial court also found Keck testified credibly when he claimed that Joshua had replaced the mesh wire fence at a location which itself violated the stipulation and order and impeded Keck's access to his property. As such, the trial court found that Keck did not act with improper intent in taking down the fence, but that his intent was consistent with compliance with the stipulation.

We agree with the trial court's determination that, as Joshua did not show that Keck's act of taking down the fence was willful misconduct, finding Keck in contempt was not warranted. Further, as the trial court did not find removal of the fence to be contemptuous conduct, it also declined to order Keck to replace Joshua's fence after he subsequently disposed of it as Joshua had not sought relief beyond civil contempt against Keck.

As the trial court's factual findings and credibility determinations are supported by the record and its legal conclusions are reasonable, we find the

- 11 -

trial court properly exercised its discretion to deny Joshua's petition for contempt against Keck.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/6/2021