J-S12011-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RIGOALBERTO CHARRIEZ, | |
| Appellant | No. 2901 EDA 2013 |

Appeal from the Judgment of Sentence May 31, 2013
In the Court of Common Pleas of Philadelphia Municipal Court
Traffic Division at No(s): MC-51-MD-0001717-2013

BEFORE:  BOWES, SHOGAN and FITZGERALD,* JJ.

MEMORANDUM BY BOWES, J.:                    **FILED MARCH 09, 2015**

Rigoalberto Charriez appeals from the judgment of sentence of fifteen to thirty days incarceration after the court found him guilty of criminal contempt.[1]  We reverse.

Appellant appeared for court on May 31, 2013, for a bench warrant hearing.  The Commonwealth asked that Appellant be held in contempt and moved for the introduction of a May 14, 2013 bench warrant.  Thereafter, Appellant's counsel argued that Appellant's failure to appear was not

---

[1] The trial court's written sentencing order inconsistently states that Appellant is to be confined for a minimum of five days and a maximum of ten days, but also provides for immediate parole after serving fifteen days. The written order is clearly in error and the oral order specified a sentence of fifteen to thirty days.  While ordinarily the written order controls, **see Commonwealth v. Brooker**, 103 A.3d 325, 329 n.4 (Pa.Super. 2014), here it is apparent from the face of the order that it is incorrect.

* Former Justice specially assigned to the Superior Court.

intentional and that Appellant had been transporting cars to Pittsburgh for his job when his work truck broke down on May 12, 2013. Appellant's attorney indicated that Appellant's supervisor was present in the courtroom to testify on his behalf and that Appellant had documentation of these alleged facts. The trial court found Appellant in contempt solely based on the introduction of the bench warrant and declined to permit Appellant to introduce evidence.

The court entered an oral order sentencing Appellant to fifteen to thirty days incarceration. Appellant timely filed a post-sentence motion alleging that the court deprived him of due process by preventing him from presenting evidence. The court denied that motion by operation of law. This timely appeal ensued. The trial court directed Appellant to file and serve a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Appellant complied, asserting a sufficiency of the evidence claim and reiterating his due process position.

The trial court authored its Rule 1925(a) opinion, erroneously concluding that Appellant failed to preserve the issues on appeal. A sufficiency claim may be brought for the first time in a Rule 1925(b) statement. Pa.R.Crim.P. 606(A)(7); *In re D.S.*, 39 A.3d 968, 972 (Pa. 2012). Further, Appellant did attempt to introduce evidence and asked to call his client as a witness, but was told that his case was over. Counsel then stated, "For the record, it is my understanding that I am not allowed to

introduce evidence, Your Honor?" N.T., 5/31/13, at 6-7. The court responded, "For the record your case is over with." *Id*. at 7. Thus, Appellant adequately objected and raised his due process issue in both a timely post-sentence motion and in his Rule 1925(b) statement. Appellant repeats his claims from his Rule 1925(b) statement as follows.

1. Was not the evidence insufficient to support the trial court's finding of criminal contempt, where there was no competent record evidence that appellant failed to abide by a court order, and where there was no evidence that any such failure was intentional?

2. Did not the trial court, in conducting appellant's contempt hearing, violate appellant's right to due process by refusing to allow him to call witnesses and present evidence in his defense?

Appellant's brief at 3.[2]

Appellant's first issue implicates the sufficiency of the evidence against him. In conducting a sufficiency of the evidence review, we view all of the evidence admitted, even improperly admitted evidence. *Commonwealth v. Watley*, 81 A.3d 108, 113 (Pa.Super. 2013) (*en banc*). We consider such evidence in a light most favorable to the Commonwealth as the verdict winner, drawing all reasonable inferences from the evidence in favor of the

---

[2] We note that the Commonwealth was granted a two-month extension to file its brief in this matter by January 5, 2015. The Commonwealth failed to comply, submitting an untimely brief on February 10, 2015, after this writing was originally circulated. Since the Commonwealth's brief was untimely, we do not consider it. *See Commonwealth v. Beasley*, 741 A.2d 1258, 1261 n.8 (Pa. 1999); *Commonwealth v. Stokes*, 38 A.3d 846, 858 n.7 (Pa.Super. 2011)

Commonwealth. *Id*. When evidence exists to allow the fact-finder to determine beyond a reasonable doubt each element of the crimes charged, the sufficiency claim will fail. *Id*.

The evidence "need not preclude every possibility of innocence and the fact-finder is free to believe all, part, or none of the evidence presented." *Id*. In addition, the Commonwealth can prove its case by circumstantial evidence. Where "the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances[,]" a defendant is entitled to relief. This Court is not permitted "to re-weigh the evidence and substitute our judgment for that of the fact-finder." *Id*.

Instantly, the court found Appellant guilty of contempt of court. The trial court's power to impose contempt in this case is derived from 42 Pa.C.S. § 4132. If a court finds a person in contempt under § 4132, it is considered criminal rather than civil contempt. *Stewart v. Foxworth*, 65 A.3d 468 (Pa.Super. 2013). The court found Appellant to have violated § 4132(2), which permits punishment for "[d]isobedience or neglect by officers, parties, jurors or witnesses of or to the lawful process of the court." Contempt under § 4132(2) can be sustained only if the following four elements are present:

> (1) The court's order or decree must be definite, clear, specific and leave no doubt or

> uncertainty in the mind of the person to whom it was addressed of the conduct prohibited;
>
> (2) The contemnor must have had notice of the specific order or decree;
>
> (3) The act constituting the violation must have been volitional; and
>
> (4) The contemnor must have acted with wrongful intent.
>
> Further, unless the evidence establishes an intentional disobedience or an intentional neglect of the lawful process of the court, no contempt has been proven. Moreover, a conviction for criminal contempt requires proof beyond a reasonable doubt.

*Commonwealth v. Kolansky*, 800 A.2d 937, 940 (Pa.Super. 2002) (quotation, quotation marks, and citations omitted).

The entirety of the evidence presented by the Commonwealth is as follows. "Your Honor, the Commonwealth would ask that you find the Defendant in Contempt of Court. We would mark and move as C-1 the Quarter Sessions file indicating a prior bench warrant of May 14th, 2013." N.T., 5/31/13, at 2. No other evidence was introduced by the Commonwealth. The certified record on appeal does not even contain a copy of the bench warrant in question. We find introduction of the bench warrant alone does not constitute proof beyond a reasonable doubt that Appellant intentionally disobeyed the lawful process of the court. The mere failure to appear does not establish wrongful intent. *See Commonwealth*

*v. Washington*, 368 A.2d 263, 265 (Pa. 1977) ("At best, the evidence in this case establishes only noncompliance with certain court orders. That alone is insufficient to prove contempt.").

The Commonwealth's evidence was insufficient. The court committed an error of law and abused its discretion in finding Appellant in contempt. Since the evidence was insufficient, Appellant is entitled to discharge and we need not reach his second issue.

Judgment of sentence reversed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/9/2015