J-A17038-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :   IN THE SUPERIOR COURT OF
                              :           PENNSYLVANIA
                              :
              v.              :
                              :
                              :
RUTH DIAZ DEMAURICIO          :
                              :
                              :   No. 2318 EDA 2020
APPEAL OF: ANDREW J. KATSOCK, :
III, ESQUIRE                  :

Appeal from the Order Entered November 2, 2020
In the Court of Common Pleas of Monroe County Criminal Division at
No(s):  CP-45-CR-0002320-2018

BEFORE:  McLAUGHLIN, J., KING, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:          **FILED SEPTEMBER 08, 2021**

Andrew J. Katsock, III, Esquire (Attorney Katsock) appeals from the order filed in the Court of Common Pleas of Monroe County (trial court) denying Attorney Katsock's motion for reconsideration and re-affirming its contempt citation for his failure to appear at the sentencing hearings of his client, Ruth Diaz Demauricio (Demauricio) and ordering that no sanctions would be imposed.[1]  After careful review, we reverse.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] An order of contempt is final and appealable when the order contains a present finding of contempt the decides the sanctions to be imposed.  **See In re K.K.**, 957 A.2d 298, 303 (Pa. Super. 2008).

We take the following factual background and procedural history from our review of the record and the trial court's February 3, 2021, opinion.

**I.**

**A.**

Attorney Katsock represented Demauricio throughout the criminal litigation against her that commenced in 2018. On November 8, 2019, Demauricio pled guilty to disorderly conduct, 18 Pa.C.S. § 5503(a)(4), and the court scheduled sentencing for January 30, 2020.

Attorney Katsock appeared at Demauricio's January 30, 2020 hearing and was present when the court recessed the hearing until February 25, 2020, for the submission of a release and treatment plan so parole could be immediately considered for his client. However, he admits that he did not write down the new date, relying on his 30 years' experience of receiving hard copies of the court's orders at his office mailing address. On February 3, 2020, the Monroe County Clerk of Courts electronically served Attorney Katsock with the scheduling order via PACFile[2] to his email address, ajkesq@epix.net. (**See** Order, 1/30/20, at 1); (**see also** Docket, 2320 CR 2018, at 11).

---

[2] "PACFile is a service that provides parties the ability to electronically file documents on both new and existing cases with the Pennsylvania courts. … Those using PACFile receive automatic e-mail notifications when filings are made or orders are entered in their cases." 20 West's Pa. Prac., Appellate Practice § 125:1, 2; https://ujsportal.pacourts.us/PACFile.aspx. Attorney Katsock elected to register with PACFile.

Although Attorney Katsock timely submitted the parole plan on February 24, 2020, he failed to appear at the February 25, 2020 hearing, so the court rescheduled sentencing for March 23, 2020. The order also issued a rule for Attorney Katsock to show cause why he should not be held in contempt for failing to appear, also returnable on March 23, 2020. The February 25, 2020 order was electronically served on Attorney Katsock via PACFile to his email address, ajk***@****.net. (*See* Order, 2/25/20, at 1); (Docket, 2320 CR 2018, at 12).

Attorney Katsock failed to appear at the March 23, 2020 sentencing and contempt hearing. As explained by the trial court, as a result:

1.   Since the period of time Attorney Katsock's client had been in jail was already into the aggravated sentencing range and her release and treatment resources were available, the court asked the public defender's office to step in and represent her so that she would not have to wait until Attorney Katsock[] appeared to be released.

2.   Attorney Katsock was found in contempt. The contempt citation was based on and includes the court's specific finding that Attorney Katsock twice failed to appear for his client's sentencing.

(Trial Court Opinion, 2/03/21, at 4) (some capitalization omitted).

On March 23, 2020, the court scheduled a contempt sanctions hearing for June 19, 2020.

**B.**

On June 17, 2020, Attorney Katsock filed a motion to reconsider the contempt citation. In the motion, Attorney Katsock conceded that he did not

attend the February 25 and March 23, 2020 sentencing hearings, but that this was neither "intentional nor inadvertent" but, instead, was because he received no notice of the court orders "either electronically or [as a] a hard-copy by mail." (Motion to Reconsider Contempt Citation, 6/17/20, at 1-3). He also maintained that he had not experienced a failure to receive mail until the COVID-19 pandemic when, on March 16, 2020, Pennsylvania Governor Tom Wolf ordered all non-essential businesses, including law offices, to close their physical offices, and the President Judge of the Court of Common Pleas of Monroe County declared a judicial emergency the same day, restricting judicial business, deadlines and court access. Pursuant to those mandates, although he was monitoring his law office's mail, his staff was not present at the physical office.[3]

He maintained that it was only when he urged his staff to remotely monitor electronic filings in his cases because he "is not sufficiently computer literate or [in possession of] adequate knowledge of the Commonwealth's PACFILE system or how to monitor cases thereon[,]" that he became aware on Sunday, April 4, 2020, of the court's February 25, 2020, and March 23, 2020 scheduling orders and rule returnable. (*Id.* at 4). Upon discovering the

---

[3] Attorney Katsock has abandoned any pandemic-related argument on appeal. Even had he raised it, because the orders scheduling the hearings were filed weeks before Governor Wolf and the Monroe County President Judge issued their declarations, the argument is not persuasive.

trial court's filings, he immediately contacted the Monroe County Clerk of Courts Office on Monday, April 5, 2020, and the Clerk's Office emailed him copies of the orders and advised that they had only been served by PACFile to his former email address, ajk****@****.net.  He represented that his office mailing address has remained the same since 2003 and he has always received notice of the trial court's orders by United States mail.  He also has used his current email address, ajk****@**[different internet provider]**.net for several years for federal and state filings.  In support, he attached a June 17, 2017 Pennsylvania Attorney Registration confirmation containing the contact information he had provided to the Pennsylvania Unified Judicial System of Pennsylvania for his attorney registration identifying his email address at his new email address.  (***See id.*** at Exhibit C) (emphasis added).

**C.**

At the June 29, 2020 sanctions and motion for reconsideration hearing, Attorney Katsock testified consistently with the representations in his motion for reconsideration.  He also told the court that he had filed three appeals in other cases that were dismissed for his failure to file documents since he had not received appellate PACFilings, and both the Commonwealth and Superior Courts have reopened the appeals after he filed motions explaining the problem.  He stated that he has since "straightened out the situation" and the state attorney registration office "realized it was their mistake that they didn't change [his] email address and changed it in the system.  (N.T. Hearing,

6/29/20, at 2).[4]  In discussions of the case's procedural posture, it became apparent that Attorney Katsock was not aware if his client had been sentenced yet until he reviewed the docket that day and discovered that she had been sentenced on March 23, 2020.  Attorney Katsock reiterated that his failure to appear at sentencing was not willful, deliberate or intentional, that he has been practicing for 30 years and never been held in contempt despite being a solo practitioner practicing in 20 counties, and that this would affect his ability to practice in the appellate courts.  The Commonwealth took no position on the matter.  (*See id.* at 3-43).

In response to Attorney Katsock's statements, the trial court noted that although this was not the first time that he had failed to appear, it issued the contempt citation specifically for his failure to appear at the February 25 and March 23, 2020 sentencing hearings, particularly where the February 25, 2020 date was announced on the record, regardless of whether he received email or hard copy notice of it.  (*See id.* at 5, 11).

The court recessed the hearing for three months to allow it time to review the motion for reconsideration and consider sanctions.[5]  A hearing was

_____

[4] It is unclear whether Attorney Katsock had been receiving email filing notifications at his new email address since 2017 and only stopped receiving them in 2020, or if he had been relying on hard copy mailings up until this point.

[5] Attorney Katsock appealed the trial court's June 19, 2020 order at 1364 EDA 2020, which this Court quashed as interlocutory, as a contempt order is not
*(Footnote Continued Next Page)*

- 6 -

conducted on September 9, 2020,[6] and was recessed until September 29, 2020. (Order, 9/09/20, at 1). The September 29, 2020 hearing was continued until November 2, 2020.[7]

At the November 2, 2020 hearing, Attorney Katsock again admitted that he failed to appear for the two sentencing hearings that, although the court announced the February 25, 2020 hearing in open court on January 30, 2020, he failed to put it in his calendar, and reiterated that he did not receive any written scheduling orders for those hearings because they were sent through the PACFiling system to his previous email address. (*See* N.T. Hearing, 11/02/20, at 26-27).

The court acknowledged that it was conceivable that there had been prior issues with Attorney Katsock's email and mailing addresses in the PACFile

---

final and appealable until sanctions are determined. *See In re K.K.*, *supra* at 303.

[6] The certified record provided to this Court does not contain the notes of testimony from the September 9, 2020 hearing. At the November 2, 2020 hearing, Attorney Katsock maintained that neither he nor his appellate counsel for case number 1364 EDA 2020 received the notes of testimony from the September 9, 2020 hearing or the court's Rule 1925(a) opinion in that case. (*See* N.T. Hearing, 11/02/20, at 20-22). The court provided him with a copy of its September 28, 2020 opinion which set forth the case's procedural history, stated the appeal was premature and explained its reasons for the finding of contempt, which were the same as those stated at the June 19, 2020 and November 2, 2020 hearings.

[7] The November 2, 2020 hearing also included consideration of Demauricio's parole violation at which Attorney Katsock represented her. (*See* N.T. Hearing, 11/02/20, at 2-3).

- 7 -

system, but that he had provided the contact information himself and, "at some point it's up to the person whose address is wrong or believes it's wrong to go backtrack and figure that out." (***Id.*** at 33); (***see id.*** at 30-33). "[A]s a matter of fairness," the trial court talked with the Monroe County Clerk's Office, the CPCMS help desk and the disciplinary board, and confirmed that it was the attorney who is responsible for the information contained in the PACFile system. (***Id.*** at 34). The trial court further explained:

> … Essentially, the contempt is supportable, and I am going to keep the contempt finding in place because … this occurred over a period of three or four months, maybe even more than that. And somewhere in that period with the 90-day sentencing window … if you weren't getting information that you signed up for, then I think you have the obligation to go back and take care of this.
>
> And so the upshot of that happened is Ms. Demauricio sat in jail … without even having a substantive sentencing hearing until well into the aggravated range, … maybe even past the aggravated range for the offense to which she pled guilty.
>
> So … I think even if there was a mistake made, even if the system had an old address, you know, whether that was something that you had inadvertently inputted or that the system had … after that length of time, you had an obligation to keep it very simple and backtrack, whether you did that electronically, whether you did that by coming there yourself.
>
> Second, as you said before … and the transcript shows, at least one of the hearings was one that you had actual notice of and didn't show up for.
>
> I also wanted to note … that you have been here quite a bit, … and I said this before on the record and you have acknowledged it. Some of the comments from others who are in the courtroom on the dates you weren't there said this too. You know, this is not the first time this has happened[.]

… These things have happened over time, and you have missed prior occasions. You have acknowledged that in these proceedings, and I am aware of that as well. So for all of the reasons we talked about I am going to keep the contempt citation.

\* \* \*

… [S]ince the finding of contempt, you have been at all the proceedings [for Demauricio.] You have been prepared [and] very professional. And now you came here and talked to Ms. Demauricio before today and represented her [at her parole violation] hearing and will continue to do so presumably because throughout the remainder of her time serving her sentence Ms. Demauricio is someone who is going to need some help to make sure she satisfies and follows the rules of parole. So those are all the positive things. So, … I am taking that into consideration. To me, … it's been mostly positive.

\* \* \*

So, when I put all of that in a vacuum, I believe that there is ample reason, basis, and need for the contempt finding. But because you have come through and because of the positive things that I have talked about and because you did continue to represent Ms. Demauricio, I am not going to impose any contempt sanctions, but I am going to let the contempt citation stand.

(*Id.* at 36-38, 41-42).

The trial court denied Attorney Katsock's motion for reconsideration of the contempt citation and "[f]or the reasons stated on the record, no contempt sanctions or penalties will be imposed." (Order, 11/02/20, at 1). Attorney Katsock timely appealed[8] and filed a court-ordered statement of errors on appeal. *See* Pa.R.A.P. 1925(b).

_____

[8] "When reviewing a contempt conviction, much reliance is given to the discretion of the trial judge. Accordingly, we are confined to a determination

*(Footnote Continued Next Page)*

On February 3, 2021, the trial court filed a Rule 1925(a) statement in which it explained its position as follows:

> By itself, Attorney Katsock's failure to appear at the [February 25th] Sentencing Hearing, of which he admittedly had notice, was sufficient to support the contempt finding. This is especially true in this case since Attorney Katsock had sufficient recall to submit a release plan for his client at or around the date of the hearing; his client spent additional time in jail which she might not otherwise have had to spend; this was not the first hearing in this court that he missed in the recent past; and he waited an inordinate amount of time after the [January 30th] Sentencing Hearing was recessed to check on the status of his client. Under these circumstances, the fact that Attorney Katsock missed the [February 25th] Sentencing Hearing due to negligent rather than intentional conduct and did not receive a written reminder of the hearing date does not excuse his failure to appear and is not a defense to contempt.
>
> The PACFile e-mail excuse is likewise unavailing. … Simply, it was Attorney Katsock's responsibility to provide his e-mail address, update the address when necessary, and ensure that the correct address remains in the system. He did not satisfy these obligations.
>
> Beyond PACFile requirements, protocols, and procedures, it was clearly Attorney Katsock's obligation to check the docket and "backtrack" matters when, according to what he told us, he did not receive PACFile notices from this and other trial and appellate courts in multiple cases, including this one, for an extended period of time. He did not satisfy this obligation.

---

of whether the facts support the trial court's decision. Each court is the exclusive judge of contempts against its process, and on appeal its actions will be reversed only when a plain abuse of discretion occurs." **Commonwealth v. Pruitt**, 764 A.2d 569, 574 (Pa. Super. 2000) (citations and internal quotation marks omitted).

- 10 -

(Trial Court Opinion, 2/03/21, at 7).[9]

Attorney Katsock concedes that he failed to appear at the subject sentencing hearings, but contends that the trial court abused its discretion in finding that he was in criminal contempt of court because it was not supported by the evidence. He also posits that the court inappropriately admitted evidence of the PACFile system that it had reviewed outside of the hearing and founded the contempt, in part, on counsel's actions in missing other

---

[9] Although "[g]enerally, failure to comply with an order is a matter of civil contempt, because the court's contempt adjudication seeks to coerce compliance[,]" [s]anctions for an attorney's failure to appear in court have long been considered matters of criminal contempt." ***Stewart v. Foxworth***, 65 A.3d 468, 471 (Pa. Super. 2013) (citations omitted). Furthermore, violations of 42 Pa.C.S. § 4132 are treated as criminal contempt. ***See id.***

Pursuant to Section 4132:

> The power of the several courts of this Commonwealth to issue attachments and to impose summary punishments for contempts of court shall be restricted to the following cases:
>
> (1) The official misconduct of the officers of such courts respectively.
>
> (2) Disobedience or neglect by officers, parties, jurors or witnesses of or to the lawful process of the court.
>
> (3) The misbehavior of any person in the presence of the court, thereby obstructing the administration of justice.

42 Pa.C.S. § 4132.

- 11 -

J-A17038-21

proceedings in unrelated cases and in his filing of the interlocutory appeal. (**See** Attorney Katsock's Brief, at 11, 18-21).[10]

## II.

To establish direct criminal contempt:

[T]here must be proof beyond a reasonable doubt of (1) misconduct; (2) in the presence of the court; (3) committed with the intent to obstruct justice; and (4) that obstructs the administration of justice. Misconduct is behavior that is inappropriate to the role of the actor. Wrongful intent will be found where the contemnor knows or reasonably should be aware that his conduct is wrongful.

**Stewart**, **supra** at 472 (citation omitted).

An attorney's failure to appear is misconduct that occurs in the presence of the court. **See id.**; **see also Himes v. Himes**, 833 A.2d 1124, 1127-28 (Pa. Super. 2003) (affirming finding of direct criminal contempt where hearing postponed due to attorney's failure to appear). "When there is no proof that an attorney either had notice of his expected appearance in court on a specified date or that the attorney's failure to appear in court was 'an intentional or willful disregard of the lawful process of the trial court,' no contempt conviction will stand." **Ricci v. Geary**, 670 A.2d 190, 192 (Pa. Super. 1996) (citations omitted).

As stated by the Pennsylvania Supreme Court over 40 years ago:

---

[10] In its late-filed brief, the Commonwealth has advised us that it takes no position on this matter.

- 12 -

> (T)here is no contempt unless there is some sort of wrongful intent. (A) degree of intentional wrongdoing is an ingredient of the offense of criminal contempt. Willfulness is, of course, an element of criminal contempt and must be proved beyond a reasonable doubt.
>
> The evidence can only be considered sufficient if the necessary elements of criminal contempt are proven beyond a reasonable doubt. The United States Supreme Court has said ["]it is certain that in proceedings for criminal contempt the defendant is presumed to be innocent, he must be proved to be guilty beyond a reasonable doubt . . .." *Gompers v. Bucks Stove and Range Co.*, 221 U.S. 418, 444, 55 L.Ed. 797, 807, 31 S.Ct. 492, 499 (1911)[.]

*Commonwealth v. Washington*, 368 A.2d 263, 265 (Pa. 1977) (most quotation marks and citations omitted).

In this case, it is undisputed that Attorney Katsock failed to appear at the February 25 and March 23, 2020 hearings which is misconduct in the presence of the court. *See Stewart*, *supra* at 472; *Himes*, *supra* at 1127-28. It also is clear that this misconduct obstructed the administration of justice in that his client, who was ready to be paroled on February 25, 2020, was not paroled until March 23, 2020, and only then because a public defender who happened to be in the courtroom stepped in to represent her. *See Stewart*, *supra* at 472. However, we must consider whether the evidence was sufficient to establish beyond a reasonable doubt that Attorney Katsock received notice and that he willfully intended to obstruct justice or was reasonably aware that his conduct was wrongful when he failed to appear at the sentencing hearings. *See Washington*, *supra* at 265; *Gear*, *supra* at 192; *Stewart*, *supra* at 472.

The relevant undisputed facts are that Demauricio's January 30, 2020 sentencing hearing was continued for Attorney Katsock to submit her parole plan so she could be released. The continued date, February 25, 2020, was announced in the courtroom, and Attorney Katsock failed to write it down, in good faith reliance on his 30 years' experience of always receiving hard copies of the court's orders. However, contrary to past procedure, the notice was not sent via hard copy to his office address and, although Attorney Katsock registered to receive electronic notifications through PACFile, the PACFile notifications in this case were sent to Attorney Katsock's old email address so he did not receive notice of the scheduling orders.

In April 2020, with all staff working from home due to the COVID-19 pandemic, Attorney Katsock directed them to check either the PACFile system or the AOPC docket to check on the status of his cases. Upon realizing that the court had ordered sentencing hearings and issued a rule to show cause, he immediately contacted the Clerk's Office and was told that the orders had been sent via PACFile to an old email address different from the one he had supplied since 2017 when completing his attorney registration.

Based on the foregoing, although Attorney Katsock was arguably negligent when he did not check the docket in the two months between the January 30, 2020 sentencing hearing and April 2020, we conclude the evidence "establishes only noncompliance with certain court order[s, which] is insufficient to prove contempt." ***Washington***, ***supra*** at 265. The facts

before us do not establish that he knew or reasonably should have been aware that he was violating the court's orders to appear where he received no customary hard copy of the orders and they were emailed to the wrong address. *See Stewart*, *supra* at 472. In other words, there is no evidence that his violation of the court's orders by failing to appear was "an intentional or willful disregard of the lawful process of the trial court[]" where his actions did not manifest wrongful intent. *Stewart* at 192; *see also Washington*, *supra* at 265; *Geary*, *supra* at 192.[11]

Accordingly, the record does not support the trial court's decision and we conclude that it abused its discretion in issuing criminal contempt sanctions against Attorney Katsock for failing to appear at his client's sentencing hearings. *See Pruitt*, *supra* at 574. We reverse the court's order denying Attorney Katsock's motion for reconsideration and reaffirming the contempt citation.

Order reversed. Case remanded. Jurisdiction relinquished.

_____

[11] Based on our holding, we need not consider Attorney Katsock's claims that the trial court erred or abused its discretion by conducting its own investigation of the PACFile system and in considering his conduct in other proceedings and in filing an interlocutory appeal in this matter. We just briefly note that PACFile registration procedures are the types of facts of which a court may take judicial notice as they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned[,]" Pa.R.E. 201(b)(2), and, while the court mentioned Attorney Katsock's actions in other proceedings and in filing an interlocutory appeal, the court expressly stated that it was citing him for contempt for failing to appear for his client's sentencing hearings.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*


*Date:* *9/8/2021*